The UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles J. ROTHBART,
Defendant-Appellant.

No. 80–2019.

United States Court of Appeals,
Tenth Circuit.

July 10, 1981.

Carolyn L. Sampson of Matassa, Dean & Sampson, Wheat Ridge, Colo., for defendant-appellant.

R. Russell Mather, Atty., Tax Division, Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup and Robert E. Lindsay, Attys., Dept. of Justice, Washington, D. C., with him on the brief, Joseph F. Dolan, Denver, Colo., of counsel), for plaintiff-appellee.

Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and O'CONNOR, District Judge.*

O'CONNOR, District Judge.

Charles J. Rothbart appeals from his conviction on six counts for willfully failing to file employment tax returns (Employer's Quarterly Federal Tax Returns, Treasury Form 941) on behalf of Warehouse Food Distributors, Inc., for the last two quarters of 1974 and the four quarters of 1975 in violation of 26 U.S.C. § 7203. Rothbart was tried, found guilty, and sentenced by the Magistrate. An appeal was taken to the United States District Court for the District of Colorado, which affirmed the judgment of conviction and sentence. We reverse and remand.

The most troubling aspects of the trial before the Magistrate concern the taking and the admission into evidence of a deposition of a former employee of Warehouse Food Distributors, Inc., Alan Mitchell. The following facts concerning this deposition are undisputed in the record. Mitchell was

* Of the United States District Court for the District of Kansas, sitting by designation.

served with a subpoena to testify for the government at trial on April 28, 1980. Because Mitchell's employment required his presence in Saudi Arabia on that date, and because defense counsel would not stipulate to the admission of Mitchell's affidavit at trial, the Assistant United States Attorney prosecuting the case arranged for Mitchell to be deposed on April 16, 1980. Defense counsel was informally notified of the tentative time for the taking of the deposition some six days prior to the scheduled date. At the taking of the deposition, the prosecutor stated as follows:

> I was in contact with the Magistrate, or at least somebody on my staff was in contact with the Magistrate, and the Magistrate decided that a deposition should be taken of the witness, as he will be out of the country. Counsel for the defendant was notified approximately a week ago of the Magistrate's decision, his order that this deposition take place.
>
> I have been in contact with the Magistrate this morning to verify and to notify the Magistrate of a possible, or an indication from Defense Counsel, that she questioned whether the deposition should take place as the witness' credibility should be judged by the Magistrate, in person. I brought this to the Magistrate's attention, and his decision, as he told me this morning, is that he wishes that the deposition take place. And that is why we are here.

Defense counsel responded to this statement as follows:

> Just for the record, I would like to state that I was notified of the possibility of a deposition last Thursday, which would be six days ago, and a tentative time was set up. But I did not receive actual notice of a definite time until Monday afternoon, and I received notice that there was a Court Order allowing the deposition to proceed this morning.

Although the Magistrate may have been aware that the Assistant United States Attorney wanted to take Mitchell's deposition, he made it very clear at the trial that no order had issued to permit the taking of the deposition. From the prosecutor's comments at the end of the deposition, we infer that he released Mitchell from the subpoena. At trial defense counsel objected to the taking of the deposition and to the admission of the deposition on the basis of the prosecution's failure to show Mitchell's unavailability for trial as required by Federal Rules of Criminal Procedure, Rule 15. As indicated, the deposition refers to defense counsel's objection based upon the Magistrate's inability to judge the credibility of the witness. While counsel's objections lacked specificity, we deem them sufficient to raise the failure to comply with Rule 15, as well as the violation of defendant's right of confrontation under the Sixth Amendment.

The Magistrate found that there was no merit to the objections of defense counsel, that defense counsel had notice of the deposition, and that defense counsel was present at the deposition and vigorously cross-examined the witness. The deposition was admitted. On appeal to the district court, Judge Finesilver affirmed the Magistrate's ruling. While the court found there was not strict adherence to Rule 15, nevertheless it was "satisfied that there was compliance within the spirit and the tenor" of the rule.

Defendant contends that the Mitchell deposition was taken in violation of Rule 15, Federal Rules of Criminal Procedure, and that its admission at trial was error because the government failed to establish the unavailability of the witness pursuant to Rule 15, as defined in Rule 804 of the Federal Rules of Evidence, and because the admission of the deposition violated defendant's Sixth Amendment right to be confronted by the witnesses against him.

Without doubt the terms and conditions of Rule 15 were not met. The rule permits the court, upon motion and with notice to the parties, to order the deposition of a witness "[w]henever due to exceptional circumstances of the case it is in the interest of justice ...." Subsection (b) requires written notice of the deposition and provides that a defendant shall have the right to be present. A defendant not in custody

who fails to attend the deposition after notice and tender of expenses waives his right to attend and any objections to the taking and use of the deposition based upon that right. Subsection (e) permits the admission of a deposition at trial if the witness is unavailable pursuant to Rule 804(a) of the Federal Rules of Evidence. Rule 804(a) reads in pertinent part as follows:

(a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant—

.　　.　　.　　.　　.

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance ... by process or other reasonable means.

A declarant is not unavailable as a witness if his ... absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

A case with similar circumstances was before the court in *United States v. Mann,* 590 F.2d 361 (1st Cir. 1978). There the government permitted an Australian citizen to return home from Puerto Rico after securing her court ordered deposition for use at trial. The deposition was admitted over defendant's objection. The First Circuit found that the trial court abused its discretion in permitting the deposition for the purpose of allowing the witness to leave the court's jurisdiction, that the government failed to establish that it had made a good faith effort to procure the witness' attendance, and that the government failed in its duty to use reasonable means to prevent a present witness from becoming absent. *Id.* at 366–68. The duty to retain a present witness was found to be implied by the government's duty to use reasonable means to procure the presence of an absent witness.

■ Here we are faced with an even more grievous set of facts. No motion was filed that would have provided the court an opportunity to make the initial critical determination of whether any exceptional circumstances existed that would justify the taking of the deposition. There was no written notice, no court order, and no consent by the defendant to the taking of the Mitchell deposition. Furthermore, defendant did not expressly waive his right to attend the deposition and the government did not provide proper notice and a proffer of expenses to support an inference of waiver. The government had subpoenaed Mitchell for the trial on April 28 and cannot be said to have been unable to procure his attendance. The prosecutor's misrepresentation that a court order had been obtained for the taking of the deposition and his subsequent release of the witness from the subpoena strongly support Rothbart's contention that the government wrongfully procured Mitchell's absence for the purpose of preventing the witness from attending or testifying. The Magistrate and the District Court in review found that Mitchell was unavailable solely because he was outside the jurisdiction of the court. This simply is not the test of unavailability as defined in Rule 804(a).

The defendant's rights under the Sixth Amendment were also violated by the admission of the Mitchell deposition. The Supreme Court in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), addressed the operation of the Confrontation Clause of the Sixth Amendment and set out a two-pronged test for the admissibility of a deposition or transcript of an earlier judicial proceeding. The Court stated:

First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. See *Mancusi v. Stubbs,* 408 U.S. 204 [92 S.Ct. 2308, 33 L.Ed.2d 293] (1972); *Barber v. Page,* 390 U.S. 719 [88 S.Ct. 1318, 20 L.Ed.2d 255] (1968). See also *Motes v. United States,* 178 U.S. 458 [20 S.Ct. 993, 44 L.Ed. 1150] (1900); *California v. Green,* 399 U.S., [149] at 161–162, 165,

167, n.16 [90 S.Ct. 1930, 1936–37, 1938, 1939, n.16, 26 L.Ed.2d 489].

The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule." *Snyder v. Massachusetts*, 291 U.S., [97] at 107 [54 S.Ct. 330, 333, 78 L.Ed. 674].

*Id.* at 65, 100 S.Ct. at 2538–39.

■ Our analysis in this case need focus only upon the witness' availability. In *Barber v. Page, supra*, 390 U.S. at 721, 88 S.Ct. at 1320, the Court stated:

Many years ago this Court stated that "[t]he primary object of the [Confrontation Clause of the Sixth Amendment] . . . was to prevent depositions or *ex parte* affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Mattox v. United States*, 156 U.S. 237, 242–243 [15 S.Ct. 337, 339, 39 L.Ed. 409] (1895). More recently, in holding the Sixth Amendment right of confrontation applicable to the States through the Fourteenth Amendment, this Court said, "There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405 [85 S.Ct. 1065, 1068, 13 L.Ed.2d 923] (1965). See also *Douglas v. Alabama*, 380

U.S. 415 [85 S.Ct. 1074, 13 L.Ed.2d 934] (1965).

While an exception to the confrontation requirement has traditionally been recognized where a witness is unavailable for trial but has given previous testimony wherein he was subject to cross-examination by the defendant, the exception applies only if "the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber, supra*, at 725, 88 S.Ct. at 1322.

■ As noted above, the government in the case before us not only failed to make a good-faith effort to obtain Mitchell's presence at trial, but cleared existing obstacles to his journey outside the jurisdiction of the court by taking his deposition and releasing him from subpoena. Thus, Rothbart's constitutional right to be confronted by the witnesses against him was violated.

■ Having concluded that the taking of the deposition and its admission into evidence were improper, we must determine whether such error was prejudicial, or merely harmless. Since we have found constitutional error, we must be able to conclude that such error was harmless beyond a reasonable doubt before we can affirm. *Chapman v. California*, 386 U.S. 18, 20–24, 87 S.Ct. 824, 826–28, 17 L.Ed.2d 705, *rehearing denied*, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). After reviewing the record of trial, we conclude that the error is not harmless beyond a reasonable doubt.

■ The deposition of Alan Mitchell was a substantial part of the government's case in chief. The prosecutor relied heavily on the Mitchell deposition in resisting defendant's motion for judgment of acquittal at the end of plaintiff's evidence and the Magistrate relied upon the deposition in denying the motion. Although the government now contends that the element of willfulness was established through the pattern of nonfiling and through defendant's conviction for failure to file a personal income tax return, the Mitchell deposition contained testimony that was damaging to defendant on this issue. Furthermore, the Mitchell

deposition contained statements directly supporting the Magistrate's finding that Rothbart was a party responsible for the filings. Without the Mitchell deposition, defendant's motion for judgment of acquittal at the end of the government's evidence may have been successful; we cannot conclude beyond a reasonable doubt that the deposition's admission into evidence was harmless error.

The defendant raises numerous other contentions of error in the trial before the Magistrate. In view of our disposition of the appeal, the other grounds urged for reversal need not be considered. The recurrence of the alleged errors on retrial is unlikely.

REVERSED AND REMANDED for further proceedings consistent with the views herein expressed.