703 P.2d 872

STATE of New Mexico,
Plaintiff-Appellee,

v.

Ralph R. EARNEST,
Defendant-Appellant.

No. 15162.

Supreme Court of New Mexico.

March 4, 1985.

Rehearing Denied March 21, 1985.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, for defendant-appellant.

Gary C. Mitchell, Ruidoso, Trial Counsel.

Paul Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

RIORDAN, Justice.

Ralph Rodney Earnest (defendant), Phillip Boeglin (Boeglin), and Perry Connor (Connor) were charged with murder, conspiracy to commit murder, kidnapping, conspiracy to distribute a controlled substance (methamphetamines), and possession of a controlled substance (methamphetamines). Defendant, Boeglin, and Connor were each tried separately. During the course of defendant's trial before a jury, a mistrial was declared. Defendant was subsequently retried, convicted on all counts and sentenced to life imprisonment for the murder, eighteen years for conspiracy to commit murder (with nine years suspended), nine years for kidnapping, eighteen months for conspiracy to distribute a controlled substance and three years for possession of a controlled substance. All of these sentences were to run consecutively to each other and consecutively to the life sentence. From this judgment and sentence, defendant appeals. We reverse and remand for a new trial.

The issues we address are:

I. Whether the trial court erred in subjecting defendant to a retrial after defendant's first trial ended in a mistrial.

II. Whether the trial court erred in refusing defendant's request for a hearing on his motion to dismiss the indictment on double jeopardy grounds or refusing to grant an interlocutory appeal on this issue.

III. Whether admission of the prior statement of codefendant Boeglin violated defendant's right to confront the witness against him.

IV. Whether the prosecutor's reference to defendant's post-arrest silence deprived defendant of a fair trial.

V. Whether the trial court erred in allowing the district attorney's investigator to testify as to co-defendant Boeglin's behavior at the time of his confession.

VI. Whether the trial court erred in ordering the attorney for co-defendant Connor to testify in rebuttal to Connor's testimony where the attorney/client privilege was never waived.

We find it unnecessary to address a seventh issue raised on appeal since it is unlikely to become a factor on retrial.

*Facts.*

The offenses charged were committed on the night of February 11, 1982 and the early morning hours of February 12, 1982. Defendant and his two co-defendants were arrested on the morning of February 12, 1982. On that same day, co-defendants Boeglin and Connor both gave statements to police officers. Each of these statements was tape recorded and subsequently transcribed. Boeglin's statement describes the events leading up to and including the murder. It incriminates defendant, Boeglin, and Connor.

## I. Declaration of Mistrial.

Defendant's first trial ended when the trial court declared a mistrial. The order declaring mistrial indicates the mistrial was granted pursuant to defendant's motion and a finding that "manifest necessity" existed for a mistrial. In declaring a mistrial in this manner, the court retained jurisdiction to retry defendant.

Defense counsel, prior to the declaration of mistrial, had twice moved for mistrial. The trial court had reserved ruling and had taken these motions under advisement. After defendant's first motion for mistrial, the trial court cautioned defense counsel that defendant would be better off continuing with the trial and seeking a directed verdict, instead of moving for mistrial and

facing a retrial. Despite this advice, defense counsel chose to stand on the motion. Later in the proceedings, defense counsel again moved for mistrial, and again the trial court noted that defense counsel was placing defendant in a situation where he could be retried rather than acquitted and dismissed if a directed verdict was granted. Despite these repeated warnings from the bench, defense counsel made no attempt to withdraw either of the motions for mistrial. Later, when the trial court announced that it was declaring a mistrial based on defense counsel's previous motions, defense counsel attempted to withdraw the previous mistrial motions. Defense counsel argued that a mistrial was inappropriate in light of the state of the evidence and reminded the trial court that it had previously indicated the appropriateness of directing a verdict. The trial court responded that defense counsel had been warned that the outstanding motions for mistrial were not in defendant's best interest because, at the time when they were made, the State had not shown all of the elements of any of the offenses charged.

■ It is the general rule that "[a] mistrial not moved for or consented to by the defendant must be based upon a manifest necessity or jeopardy attaches preventing retrial." *State v. Castrillo,* 90 N.M. 608, 613, 566 P.2d 1146, 1151 (1977). "Different considerations obtain, however, when the mistrial has been declared at the defendant's request." *U.S. v. Dinitz,* 424 U.S. 600, 607, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976). In this event, "a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution." *U.S. v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971). In the instant case, defense counsel had made two motions for mistrial prior to the time the trial court declared a mistrial. Therefore, it was not error to subject defendant to a second trial.

■ On appeal, defendant asserts that defense counsel effectively withdrew the two motions for mistrial. We disagree. Defense counsel knew that a directed ver-

dict and acquittal were possible for defendant. Defense counsel was twice warned of the results if the mistrial motions were maintained. Yet, having persisted in his requests for mistrial, defendant now complains of the results obtaining from such motions. We hold that defense counsel was given ample opportunity prior to the declaration of mistrial to withdraw the motions and failed to do so. *See U.S. v. Crouch*, 566 F.2d 1311 (5th Cir.1978).[1]

█ Defendant asserts that no manifest necessity existed. Again we disagree. "It is a well settled rule * * * that the requisite manifest necessity which prevents a declaration of mistrial from barring reprosecution will generally be found where the mistrial is declared at the request of the defendant." *MacPherson v. State*, 533 P.2d 1103, 1104 (Alaska), *cert. denied*, 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 101 (1975). In the instant case, defense counsel twice moved for mistrial, twice ignored warnings from the bench regarding the effects of such motions, and failed to withdraw those motions. Defense counsel's motions provided the "manifest necessity" required to declare a mistrial. Thus, defendant was properly subjected to retrial.

## II. Failure to Grant Hearing or Interlocutory Appeal.

█ Defendant asserts that he was entitled, prior to his retrial, to a hearing or an interlocutory appeal regarding his motion to dismiss on double jeopardy grounds. *State v. Mestas*, 93 N.M. 765, 605 P.2d 1164 (Ct.App.1980), demonstrates that the Court of Appeals has authority to accept such an application for interlocutory appeal. Therefore, defendant could have filed an interlocutory appeal with the Court of Appeals following the trial court's denial of his motion to dismiss. However, the record does not show that defendant ever made such an attempt. Thus, defendant waived any right he may have had to an interlocutory appeal on this issue. Regardless, we hold that it was not error to retry the defendant.

## III. Admission of Co-defendant's Statement.

The State called co-defendant Boeglin to testify against defendant. Boeglin refused to testify on Fifth Amendment grounds, and the trial court granted him use immunity for his testimony. However, despite this grant of immunity, Boeglin still refused to testify and was found in direct contempt by the trial court. The State then moved to have Boeglin declared unavailable as a witness. This motion was granted over defense objection. The trial court then allowed Boeglin's taped statement to be played before the jury and allowed the jury to use individual transcripts of the statement to better follow the taped statement. Defendant objected that the use of the statement was a violation of defendant's right to confront the witness and engage in meaningful cross-examination. Over this objection, the statement was presented to the jury.

It is clear in the instant case that Boeglin was unavailable to testify. NMSA 1978, Evid.R. 804(a)(2) (Repl.Pamp.1983).

Defendant relies on *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), in support of his claim that admission of Boeglin's statement violated his right to confront and cross-examine the witness. We find *Douglas v. Alabama* directly on point. There, an accomplice was called as a state's witness and refused to testify on Fifth Amendment grounds. The accomplice had previously confessed to the crime, and such confession implicated Douglas. The state was allowed, in the jury's presence, to read the confession. Douglas was found guilty. On appeal, it was held that Douglas' right to confront and cross-examine the witness against him had been violated.

In support of the admission of Boeglin's prior statement, the State relies on *Ohio v.*

---

**1.** We in no way create a rule requiring the trial court to inquire of defense counsel whether they wish to stand on their previous mistrial motions or requiring the trial court to warn defense counsel of the effects of their previous mistrial motions.

*Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). There, the Supreme Court fashioned a test whereby prior statements could be admitted if: (1) the witness is unavailable, and (2) the prior statement bears adequate indicia of reliability, in that it falls within one of the "firmly rooted" exceptions to the hearsay rule, or the statement has particularized guarantees of trustworthiness. *Id.* at 66, 100 S.Ct. at 2539. Under the facts of *Ohio v. Roberts,* the prior statement sought to be introduced had been made at a preliminary hearing where an opportunity to cross-examine the witness existed. It is in this sense that the instant case (and *Douglas v. Alabama*) are distinguishable from *Ohio v. Roberts.* Two 10th Circuit Court of Appeals' opinions help to clarify this distinction.

■ In *U.S. v. Allen,* 409 F.2d 611 (10th Cir.1969), it was determined that the proper test in deciding whether transcripts of preliminary hearing testimony could be properly admitted at trial (where the witness refused to testify) was *opportunity* for full and complete cross-examination of that witness at the preliminary hearing. *Id.* at 613. Thus, it can be logically inferred that where no such opportunity to cross-examine the witness existed, then admission of a prior statement is a denial of a defendant's confrontation rights.

Further, in *U.S. v. Rothbart,* 653 F.2d 462, 465 (10th Cir.1981), the Court, in discussing the *Ohio v. Roberts* test for admission of prior statements, limits its application to statements and/or testimony made at an earlier *judicial proceeding.*

■ In the instant case, Boeglin's prior statement made to police officers shortly after his arrest was not made during the course of any judicial proceeding and defendant was in no way afforded an opportunity to cross-examine Boeglin. We therefore determine that admission of Boeglin's prior statement was highly prejudicial, violated defendant's confrontation rights, and deprived defendant of meaningful cross-ex-

amination. Defendant's conviction is therefore reversed and the case remanded for a new trial.

■ In so holding, we adopt the 10th Circuit Court of Appeals' interpretation in *Rothbart* of *Ohio v. Roberts,* which limits admission of prior statements to those that were made at an earlier judicial proceeding where the defendant was given the opportunity to fully cross-examine the witness against him.[2]

**IV. Prosecutor's Reference to Defendant's Silence.**

■ As his fourth contention on appeal, defendant argues that he was denied a fair trial in that the prosecutor erroneously inquired into defendant's post-arrest silence while cross-examining the defendant. We disagree.

The evidence indicates that the prosecutor's references to defendant's silence were prompted by earlier implications made by defense counsel that defendant had always maintained his innocence. This being the case, there was no error. *State v. Molina,* 101 N.M. 146, 679 P.2d 814 (1984).

**V. Admission of Investigator's Testimony.**

■ Boeglin's statement was admitted through an investigator for the Eddy County District Attorney's office who was present at the time Boeglin made the statement. The prosecution asked the investigator if he had formed an opinion as to Boeglin's state of mind at the time Boeglin made the statement. Defense counsel objected on the ground that the witness was not properly qualified as an expert. The objection was overruled. The investigator then testified that Boeglin had appeared "hyper."

On appeal, defendant asserts that the investigator was unqualified under NMSA 1978, Evid.Rule 702 (Repl.Pamp.1983), to give an expert opinion regarding Boeglin's

**2.** *State v. Martinez,* 99 N.M. 353, 658 P.2d 428 (1983) (a case similar to the instant case), is distinguishable on its facts since the witness against Martinez later testified at trial, and Martinez was given an opportunity to cross-examine the witness.

state of mind. However, defendant ignores the effect of NMSA 1978, Evid.Rule 701 (Repl.Pamp.1983). That Rule allows admission of lay testimony in the form of opinions that are rationally based upon the witness's perceptions. Thus, the investigator's testimony was properly admitted.

### VI. Waiver of Attorney-Client Privilege.

As the last point of error, defendant asserts that the trial court erred in ordering the attorney for co-defendant Connor to give rebuttal testimony to Connor's testimony. NMSA 1978, Evid.Rule 503(c) (Repl.Pamp.1983), bars defendant's claim. Connor waived the privilege when he testified regarding what he did *not* tell his attorney. Defendant may not assert another's privilege.

*Conclusion.*

We determine that admission of co-defendant Boeglin's prior statement constitutes reversible error, and defendant's convictions for murder, conspiracy to commit murder, and kidnapping are set aside and he is granted a new trial.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.