731 P.2d 943
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Phillip C. BOEGLIN,**
**Defendant-Appellant.**

**No. 15746.**

Supreme Court of New Mexico.

Jan. 21, 1987.

Rothstein, Bailey, Bennett, Daly & Donatelli, Martha A. Daly, Santa Fe, for defendant-appellant.

William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

STOWERS, Justice.

Defendant Phillip Boeglin was charged with murder, conspiracy to murder, kidnapping, conspiracy to distribute a controlled substance (methamphetamines), and possession of a controlled substance (metham-phetamines), charges arising from events surrounding the February 12, 1982, killing of David Eastman. Codefendants Ralph Earnest and Perry Conner separately were charged with the same offenses. Earnest was tried by a jury and found guilty on all counts but his conviction was reversed by this Court. *See State v. Earnest*, 103 N.M. 95, 703 P.2d 872 (1985), *vacated*, 477 U.S. 648, 106 S.Ct. 2734, 91 L.Ed.2d 539 (1986). Conner entered a guilty plea and was sentenced to life imprisonment.

After numerous pretrial motions, orders, and interlocutory appeals resulting in the suppression of two of the three statements made by defendant to the police on the day of the crime and of his arrest, defendant went to trial before a jury on December 4, 1984. At the close of the State's case, the district court dismissed the counts regarding controlled substances. After defendant rested his case, the district court submitted to the jury the remaining counts of first degree murder, conspiracy to murder, and kidnapping. The jury returned guilty verdicts on all three counts, and the district court sentenced defendant to life imprisonment on the murder count and to concurrent terms of nine years each on the conspiracy and kidnapping charges, which terms were to run concurrent with his murder sentence.

Defendant appeals from this judgment and sentence, asserting that the district court erred (1) in failing to instruct the jury on the lesser included offense of second degree murder; (2) in admitting into evidence a photograph of the victim's wounds; and (3) in admitting into evidence a tape recording of defendant's statement to the police which constituted false evidence and deprived defendant of the real evidence. We affirm the district court, discussing each of defendant's contentions separately.

## I. Lesser Included Offense Instructions.

At the close of the State's case, the district court found that sufficient evidence had been presented to support a jury verdict of first degree murder. For the first

time, the district court expressed its willingness to give an instruction on the lesser included offense of second degree murder, if defendant were to request it. At the conclusion of defendant's case, the district court for the second time expressed its willingness to give the lesser included offense instruction if defendant requested it.

Finally, after the State finished presenting its rebuttal evidence, the district court inquired whether the defense had any requested instructions to submit. Replying that the defense did not, defense counsel put on the record a difference of opinion between counsel and defendant. Counsel stated that he would request a second degree instruction if it were his decision to make; however, defendant adamantly had instructed him not to do so.

The district court then examined defendant, informing him that he was entitled to an instruction on the lesser included offense of second degree murder and that without that instruction the jury would be placed in the position of having to acquit him or find him guilty of first degree murder. Defendant indicated that he understood the situation and that he had instructed counsel not to request the lesser included offense instruction. The prosecutor, repeating the court's cautions, asked defendant if it was still his desire to waive his right to that instruction. Defendant said that it was and that it was his choice, despite his counsel's advice to the contrary. The only homicide instruction submitted was first degree murder, and the jury returned a verdict of guilty.

Defendant now asks this Court to reverse his conviction by a jury instructed as he desired. Primarily, he argues that as a matter of policy we should require the giving of a second degree murder instruction, regardless of the defendant's wishes, in order to assure him a fair trial. Alternatively, defendant argues that if we continue to permit waivers of the right to lesser included offense instructions, we nevertheless should find that his waiver was not knowing and voluntary and, therefore, that his rights to due process and a fair trial were violated.

■ We recently held that where the trial court and the defense agree that a lesser included offense instruction on second degree murder should not be given to the jury, the defendant cannot complain on appeal that reversible error was committed in not giving that instruction. *State v. McCrary,* 100 N.M. 671, 675 P.2d 120 (1984). Defendant attempts to distinguish his case from *McCrary* on the ground that his waiver of the right to a second degree murder instruction was contrary to the express advice of counsel. We believe this distinction is untenable because the defendant, not defense counsel, ultimately must decide whether to seek submission of lesser included offenses to the jury. *See Standards for Criminal Justice,* § 4–5.2 commentary at 4.68 (1980); *cf. State v. Martinez,* 92 N.M. 256, 258, 586 P.2d 1085, 1087 (1978) (guilty plea); *State v. Shroyer,* 49 N.M. 196, 203, 160 P.2d 444, 447–48 (1945) (waiver of jury trial); *State v. Henry,* 101 N.M. 277, 280, 681 P.2d 62, 65 (Ct.App. 1984) (waiver of right to testify on own behalf); NMSA 1978, Crim.P.R. 21 (Repl. Pamp.1985) (guilty plea); NMSA 1978, Crim.P.R. 38 (Repl.Pamp.1985) (waiver of jury trial).

Defendant urges us to rule that whenever the evidence in a first degree murder prosecution warrants the submission of a second degree murder instruction, the trial court must give that instruction sua sponte, regardless of requests or objections made by the prosecution or the defendant and his counsel. That policy argument was considered and rejected by this Court in *McCrary. See id.,* 100 N.M. at 676–77, 675 P.2d at 125–26 (Sosa, J., dissenting). Following *McCrary,* we decline to rule that the district court should have given a second degree murder instruction sua sponte.

A review of our decisions indicates that, with one exception, we consistently have imposed upon the defendant the duty to make the tactical decision whether or not to seek jury instructions on lesser degrees of homicide supported by the evidence, and

we repeatedly have held that the defendant cannot be heard to complain if the trial court instructed the jury as he desired. *See, e.g., State v. McCrary,* 100 N.M. at 675, 675 P.2d at 124; *State v. Garcia,* 46 N.M. 302, 307, 128 P.2d 459, 462 (1942); *State v. Trujillo,* 27 N.M. 594, 603, 203 P. 846, 849 (1921); *State v. Najar,* 94 N.M. 193, 195–96, 608 P.2d 169, 171–72 (Ct.App. 1980). The one exception occurred over half a century ago, in *State v. Diaz,* 36 N.M. 284, 13 P.2d 883 (1932), where we held that in first degree murder cases the trial court had the responsibility to instruct on lesser degrees of homicide supported by the evidence regardless of the requests or objections of the defendant and the prosecution. *Id.,* 36 N.M. at 286–87, 291, 13 P.2d at 885, 887. Less than two years later, however, this Court effectively repudiated the rule of *Diaz* when it promulgated a rule requiring objection to the instructions given or tender of correct instructions at trial in order to challenge instructions on appeal. *See State v. Garcia,* 46 N.M. at 306–07, 128 P.2d at 461–62.

■ Although defendant's failure to object properly to the district court's allegedly incomplete or erroneous instructions constituted a waiver of the objection, *see id.,* 46 N.M. at 307–08, 128 P.2d at 462; *State v. Najar,* 94 N.M. at 196, 608 P.2d at 172, we nevertheless will grant relief if fundamental error has occurred in a particular case, *State v. Garcia,* 46 N.M. at 308–09, 128 P.2d at 462–63. Defendant's contention that the district court erred in failing to submit to the jury a second degree murder instruction sua sponte neither raises a jurisdictional question, *see State v. Najar,* 94 N.M. at 195, 608 P.2d at 171, nor one involving an issue of general public interest, *cf. State v. Garcia,* 99 N.M. 771, 779, 664 P.2d 969, 977, *cert. denied,* 462 U.S. 1112, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983) (possible death sentence insufficient ground). *See generally* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Repl.Pamp.1983). Under the circumstances of this case, however, we shall consider whether the district court's instructions "[took] from * * * defendant a

right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Garcia,* 46 N.M. at 309, 128 P.2d at 462.

We conclude that the defendant's right to lesser included offense instructions warranted by the evidence is not such a fundamental right. In New Mexico courts, as well as in federal courts, the defendant is entitled to lesser included offense instructions warranted by the evidence. *See State v. Riggsbee,* 85 N.M. 668, 671, 515 P.2d 964, 967 (1973); NMSA 1978, Crim. P.R. 41 (Repl.Pamp.1985); *see also Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973); Fed.R.Crim.P. 31(c). The United States Supreme Court regards the availability of such instructions as a valuable procedural safeguard. *See Beck v. Alabama,* 447 U.S. 625, 637, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980); *see also Keeble v. United States,* 412 U.S. at 213, 93 S.Ct. at 1998.

In *Beck v. Alabama,* the Court struck down a unique Alabama statute that prohibited the submission of lesser included offense instructions in capital cases and mandated imposition of the death penalty upon conviction, holding that the statutorily mandated unavailability to the jury of the "third option" of convicting on a lesser included offense enhanced the risk of an unwarranted conviction to an extent intolerable in death penalty cases. *Id.,* 447 U.S. at 637–43, 100 S.Ct. at 2389–2392. Broad language in *Hopper v. Evans,* 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), suggested that *Beck* established that due process requires the giving of a lesser included offense instruction when the evidence warrants it. 456 U.S. at 611, 102 S.Ct. at 2052.

The question whether the defendant must be compelled to take advantage of the third option of a lesser included offense instruction in fact available to him was not before the Court in *Beck* or *Hopper.* In *Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), however, the Court held that the defendant should

not be forced to waive a statute of limitations bar to the giving of lesser included offense instructions in order to provide the jury with a third option if he knowingly chose to take his chances with the jury on a charge of capital murder alone. 468 U.S. at 456–57, 104 S.Ct. at 3160–3161. We believe that the *Spaziano* court stated a basic principle applicable to the case before us: the defendant is free to make strategic choices regarding the manner in which he will or will not avail himself of procedural safeguards afforded by the law, and he generally will be bound by those choices.

■ This Court prefers not to compel defendants to avail themselves of rights they believe may not be advantageous and long has held that defendants' rights, even fundamental constitutional rights, may be waived. *See State v. Garcia*, 46 N.M. at 305, 128 P.2d at 460; *cf. State v. Ball*, 104 N.M. 176, 718 P.2d 686, 693 (1986) (right to appeal); *Baird v. State*, 90 N.M. 667, 669, 568 P.2d 193, 195 (1977) (right to appeal defects in grand jury proceedings); *Neller v. State*, 79 N.M. 528, 532, 445 P.2d 949, 953 (1968) (right to counsel); *State v. Henry*, 101 N.M. at 280, 681 P.2d at 65 (right to testify on own behalf). The courts of many other jurisdictions permit defendants to make strategic choices regarding the offenses to be submitted to the jury and, even after *Beck*, refuse to hear the complaints of defendants who have gambled and lost, failing to preserve error properly. *See, e.g., Shepard v. Foltz*, 771 F.2d 962 (6th Cir.1985) (dicta); *Look v. Amaral*, 725 F.2d 4 (1st Cir.1984); *Crowe v. State*, 435 So.2d 1371 (Ala.Crim.App.1983); *Collins v. State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied*, 452 U.S. 973, 101 S.Ct. 3127, 69 L.Ed.2d 984 (1981); *Harris v. State*, 438 So.2d 787 (Fla.1983), *cert. denied*, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984); *Cargill v. State*, 255 Ga. 616, 340 S.E.2d 891 (1986) (dicta); *People v. Lewis*, 97 Ill. App.3d 982, 53 Ill.Dec. 353, 423 N.E.2d 1157 (1981); *State v. Sands*, 123 N.H. 570, 467 A.2d 202 (1983) (dicta); *State v. Patterson*, 285 S.C. 5, 327 S.E.2d 650 (1984), *cert. denied*, 471 U.S. 1036, 105 S.Ct. 2056, 85 L.Ed.2d 329 (1985); *Jahnke v. State*, 692

P.2d 911 (Wyo.1984). Many of the courts in the minority of jurisdictions that by state constitution, statute, or judicial decision impose upon trial courts the duty to give a second degree murder instruction sua sponte nevertheless hold that the defendant has waived the instruction or has invited non-reversible error if the trial court declines to give the lesser included offense instruction in accordance with the defendant's wishes. *See, e.g., People v. Sedeno*, 10 Cal.3d 703, 112 Cal.Rptr. 1, 518 P.2d 913 (1974) (en banc) (state constitution; invited error; pre-*Beck*); *People v. Stuart*, 110 Idaho 163, 715 P.2d 833 (1985) (statute; invited error); *Mercer v. State*, 666 S.W.2d 942 (Mo.App.1984) (statute and U.S. Constitution; waiver); *State v. Coleman*, 660 S.W.2d 201 (Mo.App.1983) (invited error); *but see, e.g., State v. Vickers*, 129 Ariz. 506, 633 P.2d 315 (1981) (en banc) (U.S. Constitution; capital cases only); *People v. Jenkins*, 395 Mich. 440, 236 N.W.2d 503 (1975) (statute and judicial decision; pre-*Beck*); *State v. Lopez*, 160 N.J.Super. 30, 388 A.2d 1273 (1978) (judicial decision; pre-*Beck*); *State v. Wright*, 304 N.C. 349, 283 S.E.2d 502 (1981) (statute and judicial decision). We hold that, consistent with the constitutional guarantees of a fair trial, the defendant in a first degree murder prosecution may take his chances with the jury by waiving instructions on lesser included offenses and cannot be heard to complain on appeal if he has gambled and lost.

The record in this case clearly demonstrates that defendant knowingly, intelligently, and voluntarily waived his right to have the jury instructed on second degree murder. Defendant stated that it was his choice and only his choice. Both the district court and the prosecution informed defendant of his entitlement to the lesser included offense instruction and of the consequences of proceeding on instructions concerning first degree murder alone. We may presume that defense counsel also informed defendant of his rights in the course of coming to a difference of opinion with him. *See State v. Tipton*, 78 N.M. 600, 602, 435 P.2d 430, 432 (1967) (presump-

tion that defendant represented by counsel was fully informed when he entered guilty plea). There was an "intentional relinquishment or abandonment of a known right or privilege" here, *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), sufficient to constitute a waiver of even the most fundamental constitutional rights. *Cf. State v. Vaughn,* 74 N.M. 365, 393 P.2d 711 (1964) (right to counsel); *State v. Hernandez,* 46 N.M. 134, 123 P.2d 387 (1942) (right to trial by jury); *State v. Henry* (right to testify on one's own behalf).

Defendant, however, urges us to go farther and require the trial court, before it permits a waiver of lesser included offense instructions supported by the evidence, to conduct an inquiry similar to the one required before it accepts a plea of guilty. Under NMSA 1978, Crim.P.Rule 21(e) (Repl.Pamp.1985), the trial court must inform the defendant of the nature of the charge to which he is pleading, the minimum and maximum penalties for the offense, his right to plead not guilty, and his waiver of any further trial after the guilty plea is accepted. Historically, the waiver of jury instructions has not been held to the same standard as the entry of a guilty plea. *Compare State v. Garcia,* 46 N.M. at 307, 128 P.2d at 462 (acquiescence to instructions by failure to object to those given or to tender others) *with State v. Robbins,* 77 N.M. 644, 648–49, 427 P.2d 10, 12–13, *cert. denied,* 389 U.S. 865, 88 S.Ct. 130, 19 L.Ed.2d 137 (1967) (guilty plea must be voluntarily made after proper advice from competent counsel and with a full understanding of the consequences; decided prior to promulgation of Rule 21(e)).

We do not believe that it is necessary to subject the defendant's decision to waive lesser included offense instructions to the formulaic inquiry required under Rule 21(e) for all pleas of guilty. Because the decision to plead guilty is not only a tactical choice but amounts to an admission of every element of the offense pled, it is distinguishable from the often tactical decision not to submit to the jury a lesser included offense instruction. *See Henderson v. Morgan,* 426 U.S. 637, 644–47 & n. 13, 96 S.Ct. 2253, 2257–59 & n. 13, 49 L.Ed.2d 108 (1976). Furthermore, because defendant here was represented by counsel throughout trial and chose to act against the advice of his counsel, we may assume that he knew of his right to a second degree murder instruction and of the possible consequences of his waiver. *Cf. State v. Tipton,* 78 N.M. at 602, 435 P.2d at 432 (guilty plea; decided prior to promulgation of Rule 21(e)); *State v. Garcia,* 47 N.M. 319, 328, 142 P.2d 552, 557 (1943) (waiver of right to assistance of counsel and plea of guilty).

In summary, we hold that the defendant's right to a jury instruction on second degree murder as a lesser included offense of first degree murder, warranted by the evidence, may be waived. Defendant here failed to object to the instructions given or to tender instructions on second degree murder but in fact knowingly, intelligently, and voluntarily waived his right to the lesser included offense instruction. Under these circumstances, defendant is bound by his decision, contrary to the advice of counsel, to gamble on a verdict of acquittal, and the district court did not commit reversible error by instructing the jury as defendant desired.

**II. Admission into Evidence of Photographs.**

At trial the State, through an investigating police officer, offered into evidence one sketch of the scene of the killing and six photographs: two of the body at the scene; one showing the victim's bruised upper arm, a bullet wound in his temple and neck wounds; one showing the full neck wounds; a left side close-up of neck wounds; and a right side close-up of neck wounds. Defendant objected only to admission of the photograph showing the full neck wounds and the close-up photograph of the left side of the neck. The district court ruled that it would admit one of the two challenged photographs, and the State selected the close-up view.

■ On appeal, defendant asks this Court to find that the district court committed reversible error in admitting the close-up photograph of the left side of the neck, arguing that the photograph was neither probative nor material to the issues at the trial, was merely cumulative of other photographs and testimony, and was introduced solely to inflame the passions and prejudices of the jury. The trial court may not admit evidence that is not relevant, NMSA 1978, Evid.R. 402 (Repl.Pamp.1983), but may, within its sound discretion, exclude reasonably relevant evidence on the ground that its probative value is substantially outweighed by the dangers of unfair prejudice or needless presentation of cumulative evidence, NMSA 1978, Evid.R. 403 (Repl.Pamp.1983). *See also State v. Hutchinson*, 99 N.M. 616, 624–25, 661 P.2d 1315, 1323–24 (1983); *State v. Webb*, 81 N.M. 508, 510, 469 P.2d 153, 155 (Ct.App. 1970). The trial court ought to exclude photographs which are calculated to arouse the prejudices and passions of the jury and which are not reasonably relevant to the issues of the case. *State v. Upton*, 60 N.M. 205, 209, 290 P.2d 440, 442 (1955).

■ Although the fact that defendant administered the knife wounds to the victim's neck was not at issue in this case, his intent was. Defendant claimed that he acted unwillingly, at gunpoint, without the intention of causing death; the State argued that he willfully attempted to kill the victim but was frustrated by a dull knife. The close-up photograph of the left side of the neck was relevant to a contested issue. *See* Evid.R. 402. Therefore we will not disturb the district court's decision unless it abused its discretion under Evid.Rule 403. *See State v. Hutchinson*, 99 N.M. at 625, 661 P.2d at 1324.

On the record before us, *see State v. Hoxsie*, 101 N.M. 7, 9, 677 P.2d 620, 622 (1984), which includes only the admitted close-up photographs of the left and right sides of the victim's neck and testimony regarding all the photographs, we cannot say as a matter of law that the danger of unfair prejudice arising from the admission of the gruesome left side photograph substantially outweighed its probative value. Nor can we say that the district court abused its discretion by admitting cumulative evidence, for the record before us indicates that both close-up photographs were necessary to depict the full extent of the victim's wounds.

The district court was well aware of the dangers posed by admitting into evidence the photographs and exercised its discretion carefully by compelling the State to choose one of the two proffered relevant photographs which served to illustrate, clarify, and corroborate the testimony of witnesses for the prosecution and the defense. *See State v. Gilbert*, 100 N.M. 392, 399, 671 P.2d 640, 647 (1983), *cert. denied*, 465 U.S. 1073, 104 S.Ct. 1429, 79 L.Ed.2d 753 (1984); *see also State v. Brown*, 100 N.M. 726, 729, 676 P.2d 253, 256 (1984); *State v. Hutchinson*, 99 N.M. at 624–25, 661 P.2d at 1323–24. Under these circumstances, we hold that the district court did not abuse its discretion by admitting into evidence the challenged close-up photograph of the left side of the victim's neck.

### III. Admission into Evidence of Taped Confession and Transcript.

At trial, the state produced a tape recording of defendant's confession to the police made in custody shortly after the killing, along with an erroneous transcript of the taped statement. Without objection by defendant, the district court admitted both into evidence. When defendant took the stand, he testified to several misstatements in the transcript and stated as well that he had been coerced at gunpoint to cut the victim's throat. On cross examination, the prosecution pointed out that there was no mention of coercion in the taped statement; defendant replied that two tape recorders were in use during the interrogation and that one was running when he spoke about the gun. After a recess, the prosecution offered into evidence a second tape recording which, it claimed, was the duplicate original simultaneously recorded on the second machine. This tape recording,

which like the first contained no mention of defendant's acting at gunpoint, was admitted into evidence without objection by the defendant.

■ On appeal, defendant argues that the State knowingly used false evidence and therefore denied him his rights to due process and fair trial. We do not agree. During closing arguments, the State conceded that the transcript of the first tape was erroneous, and the district court, counsel for the prosecution, and defense counsel urged the jury to rely upon the tapes over the transcript as evidence. Although the knowing use of false evidence or the failure to correct false evidence constitutes a violation of due process if the evidence is material to the guilt or innocence of the accused, *see State v. Morris*, 69 N.M. 244, 246, 365 P.2d 668, 669 (1961); *State v. Hogervorst*, 87 N.M. 458, 459, 535 P.2d 1084, 1085 (Ct.App.), *cert. denied*, 87 N.M. 457, 535 P.2d 1083 (1975), *cert. denied*, 423 U.S. 1048, 96 S.Ct. 773, 46 L.Ed.2d 636 (1976), any misleading statements in the transcript here were corrected adequately by testimony, argument, and admonitions to the jury, *see State v. Chouinard*, 96 N.M. 658, 660, 634 P.2d 680, 682 (1981), *cert. denied*, 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed.2d 447 (1982).

On appeal, defendant renews his closing argument contention that the second tape recording was not a duplicate original but was merely a copy of the first. He further suggests that the State throughout trial withheld the real duplicate original which, he alleges, contains exculpatory evidence of coercion. Because the State deprived him of evidence, defendant argues, he was denied his rights to due process of law and a fair trial. We do not agree.

■ We have adopted a three-pronged test to determine whether deprivation of evidence constitutes reversible error. In order to prevail on appeal, the defendant must establish (1) that the State either breached some duty or intentionally deprived the defendant of evidence; (2) that the improperly "suppressed" evidence was material; and (3) that its suppression preju-

diced the defendant. *State v. Chouinard*, 96 N.M. at 661, 634 P.2d at 683; *State v. Lovato*, 94 N.M. 780, 782, 617 P.2d 169, 171 (Ct.App.1980).

■ We need not consider whether defendant has established the first and third elements of the test, because it is clear to us that he has failed to establish the second element, materiality. Because duress is no defense to homicide, *Esquibel v. State*, 91 N.M. 498, 501, 576 P.2d 1129, 1132 (1978), defendant's testimony that he was being threatened at gunpoint when he cut the victim's throat, and that he told his interrogators so, is not material to his guilt or innocence; nor is the corroborating evidence defendant claims the alleged duplicate original tape contains. The alleged tape recording would have been relevant only to support defendant's credibility generally and to attack the credibility of the two investigators who offered into evidence tapes described as originals and who denied recollection of defendant's coercion claim. After considering the alleged omission of evidence in the context of the entire record, we hold that defendant was not denied his constitutional rights to due process and a fair trial. *See State v. Johnson*, 99 N.M. 682, 686, 662 P.2d 1349, 1353 (1983).

In conclusion, we hold that the defendant in a first degree murder case may waive his right to jury instructions on lesser included offenses and that defendant here waived his right to a second degree murder instruction when he knowingly, intelligently, and voluntarily opted not to tender such an instruction nor to object to the instructions given by the district court. We hold that the district court did not abuse its discretion in admitting into evidence a close-up photograph of the left side of the victim's lacerated neck in addition to various other photographs. We hold that the district court did not abuse its discretion in admitting into evidence an imperfect transcript of defendant's taped confession nor in admitting into evidence the two tape recordings offered by the State.

Because we believe that neither the instructions nor the evidence submitted to the jury denied defendant his constitutional rights to due process and a fair trial, his conviction of first degree murder is affirmed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS, J., concur.