This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40214**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**WILLIAM R. DANIELS,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Flora Gallegos, District Court Judge**

Raul Torres, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals his conviction for second degree murder. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion and affirm.

**{2}** We will begin with the motion to amend. Defendant principally seeks to advance a challenge to the district court's failure to instruct the jury, sua sponte, on the lesser

included offense of voluntary manslaughter. [MIO 1-3, 11-16] However, any election to request such an instruction would have constituted a strategic decision, which the district court was not in a position to make on Defendant's behalf. *See State v. Boeglin*, 1987-NMSC-002, ¶¶ 8-10, 105 N.M. 247, 731 P.2d 943 (rejecting an argument that the district court should have instructed the jury sua sponte on a lesser included offense, and explaining that "we consistently have imposed upon the defendant the duty to make the tactical decision whether or not to seek jury instructions on lesser degrees of homicide supported by the evidence"). We similarly reject any suggestion [MIO 13] that it was incumbent upon the district court to conduct an inquiry to clarify Defendant's election not to pursue instruction on the lesser included offense. *See id.* ¶ 18 (holding that it is not necessary to conduct a "formulaic inquiry" into a defendant's decision to waive lesser included offense instructions, and ultimately explaining that where the defendant was represented by counsel "we may assume that he knew of his right to [a lesser included offense] instruction and of the possible consequences of his waiver").

**{3}**     Alternatively, Defendant suggests that his attorney's failure to request an instruction on involuntary manslaughter should be regarded as ineffective assistance of counsel. [MIO 16-21] However, where there is a plausible, rational strategy or tactic to explain counsel's conduct, a prima facie case for ineffective assistance is not made, *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61; and as previously stated, counsel's failure to request a lesser-included offense instruction generally represents a strategic decision. *See Boeglin*, 1987-NMSC-002, ¶ 18 (reiterating that the decision not to submit a lesser included offense to the jury is often tactical). *Cf. State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 (explaining that on appeal the reviewing court will not second-guess 'all-or-nothing' trial strategies, by which instructions on lesser included offenses are not requested). Although Defendant contends that the record does not affirmatively establish his desire to pursue an all-or-nothing approach, [MIO 13] this does not supply the requisite support for his claim of ineffective assistance. *See, e.g.*, *State v. Jensen*, 2005-NMCA-113, ¶¶ 12-16, 138 N.M. 254, 118 P.3d 762 (rejecting a claim of ineffective assistance of counsel based on a failure to submit a lesser-included offense instruction, where the record contained "no indication that Defendant's counsel acted in derogation of his client's wishes," and where the defendant offered "no persuasive argument that eliminates any conceivable and viable strategy or tactic"). *See generally Roybal*, 2002-NMSC-027, ¶ 19 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition.").

**{4}**     In light of the foregoing considerations, we conclude that the additional issues Defendant seeks to raise are not viable. We therefore deny the motion to amend. *See, e.g.*, *State v. Powers*, ¶ 8, 1990-NMCA-108, 111 N.M. 10, 800 P.2d 1067 (illustrating).

**{5}**     Finally, we turn to the issues originally advanced in the docketing statement and renewed in the memorandum in opposition, by which Defendant continues to contend that the district court erred in denying his motions for continuance and change of venue.

[MIO 21-28] Because we previously set forth the relevant background information and principles of law, [CN 1-6] we will not reiterate here. Defendant has not asserted any facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See generally Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As a consequence, we adhere to our initial assessment of these matters, and reject the assertions of error.

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**