This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: September 8, 2025**

**No. S-1-SC-40349**

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

v.

**JULIO FABIAN ALMENTERO,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

Raúl Torrez, Attorney General
Charles J. Gutierrez, Senior Solicitor General
Santa Fe, NM

for Appellee

## DECISION

**ZAMORA, Justice.**

## I.        INTRODUCTION

**{1}**        Defendant, Julio Almentero, appeals his convictions for two counts of first-degree felony murder, contrary to NMSA 1978, Section 30-2-1(A)(2) (1994), arising from the kidnapping and killing of two teenage victims, Collin Romero and Ahmed Lateef, and the armed robbery of Lateef. Defendant presents multiple challenges to the jury

instructions, arguing (1) the district court's response to the jury's question about whether it could convict of both felony murder and second-degree murder was erroneous; (2) the district court erred in not instructing the jury on second-degree murder as a lesser-included offense of felony murder; and (3) the jury instructions for felony murder and aiding-and-abetting felony murder were "hopelessly confusing." We disagree with Defendant and affirm. We exercise our discretion to decide this appeal by nonprecedential decision. *See* Rule 12-405(B)(1) NMRA.

## II.    BACKGROUND

**{2}**    Defendant was convicted of two counts of first-degree felony murder for the killing of Lateef and Romero and now appeals his sentence of life imprisonment. *See* N.M. Const. art. VI, § 2 ("Appeals from a judgment of the district court imposing a sentence of . . . life imprisonment shall be taken directly to the supreme court."). He was tried jointly with his two codefendants, Jimmie Atkins and Stephen Goldman, Jr., each of whom also filed direct appeals with this Court.

**{3}**    We adopt the recitation of facts as provided in *State v. Goldman*, discussing the circumstances surrounding the killings and Defendant's ensuing trial. *See* S-1-SC-40100, dec. ¶¶ 3-7 (N.M. June 30, 2025) (nonprecedential).

## III.    DISCUSSION

**{4}**    "The propriety of jury instructions given or denied is a mixed question of law and fact" which we review de novo. *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. We review Defendant's preserved arguments for reversible error and the unpreserved arguments for fundamental error. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134.[1]

### A.    The District Court's Response to the Jury's Question Was an Accurate Statement of the Law That Did Not Result in Reversible Error

**{5}**    Defendant argues the district court erred by misstating the law when it responded "yes" to the jury's question about whether it could return convictions for both second-degree murder and felony murder. The State argues the district court did not err because it accurately responded to the jury's question, which was based on the jury instruction it had been provided. We considered the identical argument in *Goldman* and agreed with the state. *See* S-1-SC-40100, dec. ¶¶ 10-11. We reach the same conclusion here, based on the same analysis, which we adopt by reference. *See id.*

---

[1]We do not address Defendant's assertion that the "errors were so profound they were structural" as Defendant does not cite legal authority or argue under this standard. *See State v. Turrietta*, 2013-NMSC-036, ¶ 14, 308 P.3d 964 ("Structural error . . . is not subject to harmlessness analysis.); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (brackets, internal quotation marks, and citation omitted)).

**B.      Defendant's Remaining Challenges to the Jury Instruction Did Not Result in Fundamental Error**

**{6}**      Defendant's remaining challenges to the jury instructions were unpreserved. We therefore review them for fundamental error. *See Benally*, 2001-NMSC-033, ¶ 12. Fundamental error analysis requires that the Court first determine "whether error occurred" and, if so, "whether the error is fundamental." *State v. Romero*, 2023-NMSC-014, ¶ 6, 533 P.3d 735 (internal quotation marks and citations omitted). Because we conclude there was no error in this case, we hold there was no fundamental error.

**1.      The lack of a jury instruction for second-degree murder as a lesser-included offense of felony murder did not result in fundamental error**

**{7}**      Defendant argues that the district court erred in failing to instruct the jury on second-degree murder as a lesser-included offense of felony murder, which resulted in fundamental error because it amounted to a failure to instruct on the essential element of causation for felony murder. Specifically, Defendant argues that the district court erred in not giving UJI 14-212 NMRA, which is the instruction for second degree murder, as a lesser included offense of felony murder. An element of UJI 14-212 is that "[t]he defendant did not cause the death of [the Victims] during the commission of [the felony]." According to Defendant, because this element was not listed in the felony murder instruction the jury was not informed it had to find causation as an element of felony murder. We disagree for the following reasons.

**{8}**      First, the district court did not err in failing to give a jury instruction that was not requested by the parties. Our case law has consistently held that it is the defendant's "duty to make the tactical decision whether or not to seek jury instructions on lesser degrees of homicide supported by the evidence, and we repeatedly have held that the defendant cannot be heard to complain if the trial court instructed the jury as he desired." *State v. Boeglin*, 1987-NMSC-002, ¶ 10, 105 N.M. 247, 731 P.2d 943 (citing decades of cases in support).

**{9}**      Second, as explained in *Goldman*, Defendant's argument lacks merit because the felony-murder instruction includes an explicit causation element, which Defendant has not challenged as an incomplete or misleading statement of the law. *See Goldman*, S-1-SC-40100, dec. ¶ 13; *see also* UJI 14-202 NMRA (requiring the jury to find "the defendant *caused* the death . . . during the commission" of the predicate felony (emphasis added)). Accordingly, there was no error, let alone fundamental error. *See State v. Adamo*, 2018-NMCA-013, ¶ 27, 409 P.3d 1002 ("Since there was no reversible error, it follows that there was no fundamental error in the instructions.").

**2.      Defendant failed to show fundamental error in the felony-murder and aiding-and-abetting jury instructions**

**{10}**      Defendant argues that the use of alternatives within the felony murder and aiding-and-abetting felony murder instructions made "them [im]possible to be properly

applied by a jury." Defendant challenges two specific uses of the multiple "alternatives," which we address in turn.

**a.  The use of *and/or* to separate predicate felonies of kidnapping and armed robbery did not result in fundamental error**

**{11}**    Defendant argues his conviction must be reversed under *State v. Taylor* because "[i]t is impossible to tell what ground the jury relied on" where both the felony-murder and aiding-and-abetting instructions used *and/or* to separate the predicate felonies of kidnapping and armed robbery. *See Taylor*, 2024-NMSC-011, ¶ 21, 548 P.3d 82. The State disagrees with Defendant's characterization of *Taylor* and its application to this case. Again, Defendant's argument is identical to that presented in *Goldman*, where we agreed with the state. *See Goldman*, S-1-SC-40100, dec. ¶¶ 15-17. We therefore reach the same conclusion in this case for the reasons set forth in *Goldman. See id.*

**b.  The aiding-and-abetting instruction on both Romero's and Lateef's murders did not result in fundamental error**

**{12}**    Defendant also argues that the aiding-and-abetting instruction caused juror confusion because the single instruction required the jury to determine whether Defendant aided and abetted both Lateef's and Romero's murders. The aiding-and-abetting instruction required the jury to find, that "[d]uring the commission of the felony . . . Romero and/or . . . Lateef was killed." Defendant argues the reference to both murders in the same jury instruction departed from the UJI, which is written to apply to a single crime. *See* UJI 14-2821 NMRA (referencing a singular murder, singular decedent, and singular predicate felony). The State disagrees and asserts the instruction would not cause juror confusion. The State argues that, taken together with the felony-murder instruction, there "is no appreciable risk that the jury would have been misdirected . . . into convicting Defendant for felony murder of Lateef" based on the finding that he aided and abetted Romero's killing, "or vice versa."

**{13}**    Again, Defendant's argument mirrors the argument presented in *Goldman*, and we therefore adopt the relevant analysis from that case. As in *Goldman*, Defendant has failed to establish that the instructions given in this case were erroneous or resulted in jury confusion. *Goldman*, S-1-SC-40100, dec. ¶ 19.

**{14}**    In sum, the jury instruction's use of *and/or* and its reference to multiple felony murders, victims, and predicate felonies did not result in error, let alone fundamental error, under the facts of this case. *See Adamo*, 2018-NMCA-013, ¶ 27 (noting that when there is no reversible error, there can be no fundamental error).

## IV.    CONCLUSION

**{15}**    For the reasons stated above, we affirm the district court on all issues raised in this appeal.

**{16}    IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Justice**

**WE CONCUR:**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**