THE STATE v. MARK MURPHY, Appellant.—111 S. W. (2d) 132.

Division Two, December 17, 1937

1230

*Don C. Carter* for appellant.

*Roy McKittrick*, Attorney-General, and *Franklin E. Reagan*, Assistant Attorney General, for respondent.

BOHLING, C.—Mark Murphy appeals from a judgment imposing a sentence of fifteen years' imprisonment for the murder of John Paul Murphy, his brother. The case is here on second appeal [see 338 Mo. 291, 90 S. W. (2d) 103]. The homicide was admitted. The defense was insanity. The instant record discloses the material facts are stated in the opinion of ELLISON, J., on the first appeal. Matters essential to a determination of this review will be set forth in connection with the discussion of specific issues.

Appellant's stated theory was that the conduct and statements of deceased evidencing a bitter feeling toward and threats against appellant, known or made known to appellant, so weighed upon appellant's mind as to cause appellant to become not mentally responsible for his actions at the time of the homicide. A reading of the record shows the trial proceeded upon appellant's theory; and, although the court indicated the better method would be first to establish appellant's knowledge of such matters and then go back that the court might know it would be connected up and proper, we find matters of such nature submitted to the jury not only when it was established that appellant had knowledge or information of the fact but also when it was indicated to the court such knowledge or information would be subsequently established.

The record does not support the following assignments of error because at the time of the ruling appellant's knowledge or information of the specific matter had not been established or disclosed:

The assignment that the court refused to permit counsel in his opening statement to inform the jury deceased had stated he was the leader of a gang which would commit acts of violence at his direction, illustrating one, and that such statement was communicated to appellant.

The assignment that the court refused to permit witness Davis to testify that deceased was a habitual drunkard and that such fact had been communicated and was known to appellant. The court sustained an objection to an inquiry of this witness as to whether or not deceased was a habitual drunkard. Thereupon appellant offered to prove the fact and that appellant had knowledge thereof. The court stated it was ruling on the question asked and not the offer. Counsel for appellant did not make additional inquiry concerning this matter of the witness.

Testimony covering statements of deceased concerning his association with a "gang" and his habits with respect to drinking intoxicating liquor was subsequently admitted upon a showing or indication of knowledge or information by appellant of such facts.

Another assignment is to the effect the court committed error in sustaining repeated objections interposed by the State to state-

ments of threats by deceased against the life of appellant during the opening statements of counsel for appellant and that the objections were so frequent and harassing and the attitude of the court in sustaining the objections and reprimanding counsel for appellant was so harassing and prejudicial as to force counsel to cease and abandon his statement of appellant's defense. Sustaining proper objections is not error. Rulings by the court upon objections and a statement of the theory underlying the ruling is neither a harassment nor reprimand. This assignment is not supported by the record. Counsel made an opening statement of appellant's defense that should be classed as better than good. We find no objections or exceptions embodying the theory of this assignment interposed during the opening statement.

 Appellant's motion for new trial assigns error for overruling a written motion to discharge the jury because the attitude of the court towards and his reprimand of counsel for appellant in ruling on evidence with reference to threats by deceased against appellant was so prejudicial as to justify the discharge of the jury. The occasion for the motion arose during the examination of the first witness for the defense when counsel for appellant interrupted, as we read the record, an attempt by the court to explain a ruling, and the court admonished counsel not to interrupt and asked who was in charge of the conduct of the trial. Appellant refers us to the case of State v. Teeter, 239 Mo. 475, 483(4), 144 S. W. 445, 447(4), which considered remarks of a scolding or criticizing nature not reversible error. The remarks of the court gave no indication of its views, if any, on the merits. We find nothing in the record requiring the discharge of the jury.

 Appellant asserts certain specific alleged remarks of the court constituted error. Our search of the record fails to disclose the remarks quoted in appellant's motion. Appellant, no doubt, has reference to the following occurrences: Counsel for appellant stat[ed] a certain fact was a complete defense to what the State brought out in the former trials. The court thereupon stated the case was not being tried upon the theory of the former trials, but upon the theory of the trial then in progress. The other embraces several remarks of the court indicating its theory on the admissibility of certain evidence as to threats; and the remarks were to the effect that threats by deceased against the life of appellant could have no effect upon appellant's mental condition unless known or communicated to appellant and, in order for the court to readily rule on its admissibility, the better practice would be to begin at the time of the homicide, that is, to show appellant's knowledge or information of the fact,

**1236**

that the court might know the matter would be connected up. We think the court's statements correct and not improper. The points are ruled against appellant.

█ · On the former appeal, ELLISON, J., said: "Testimony was introduced both by the State and the defense that the deceased, Paul Murphy, claimed the appellant owed him a large amount of money. The appellant sought to show this was untrue, and we think he had a right to do so, as it showed the provocative nature of the accused's [deceased's] conduct and tended to disprove the appellant had any mercenary motive for the killing, which facts in turn had a bearing on his insanity defense. But he was not entitled to dilate on these matters and show in detail his benefactions to the deceased through the years." [338 Mo. 1. c. 306(4), 90 S. W. (2d) 1. c. 111(7).] Basing his assignments upon the first portion of the above quotation appellant asserts error in the court's exclusion of the carbon copy of a letter from appellant to deceased, dated October 17, 1929, itemizing certain indebtedness owed appellant by deceased and evidently occasioned by deceased giving appellant several bad checks, and a certified copy of the will, dated February 24, 1925, of the grandfather of deceased and appellant. The evidence established that appellant had discharged all obligations due deceased from appellant. The letter falls within the observation made by Judge Ellison in the concluding sentence of the above quotation. The grandfather's will mentions neither deceased nor appellant, and a reading of the record fails to disclose its relevancy.

█ There is no merit in appellant's assertion of error in the court's failure to reprimand Attorneys Reagan and Holman for interposing objections while his counsel was propounding a hypothetical question on his sanity. The record discloses no request for a reprimand of Mr. Reagan in this connection. After the third objection the court suggested that appellant's counsel be permitted to complete the question. Shortly thereafter Mr. Holman inquired if the State would be permitted to make objections, and appellant thereupon requested a reprimand. Mr. Holman's inquiry of the court did not call for reprimand. Appellant says the interruptions were for the purpose of disturbing and harassing his counsel and confusing the jury. We think not. The hypothetical question covers approximately ten pages of the record. Very shortly after Mr. Holman made his inquiry, which was during the early portions of the question, counsel for appellant, apparently realizing hypotheticated facts lacked supporting testimony, voluntarily withdrew the question. The court, upon indication the hypothesized facts would be subsequently adduced, permitted counsel to proceed. Although requested by the State to begin anew, counsel for appellant refused so to do. Counsel did not repeat the hypothetical question to an expert witness subsequently offered but adduced his testimony by reference to· the

question asked the first expert witness. Such actions refute appellant's stated grounds of error.

■ Another assignment asserts error in the court's failure to reprimand Mr. Reagan for repeatedly objecting to statements of witnesses Belle Murphy and Sophia Murphy (the mother and wife, respectively, of appellant) and characterizing the statements as speeches on the ground the objections were interposed to confuse and intimidate the witnesses. Appellant's brief refers us to three instances. The record discloses that the objections were interposed by the State on the ground the answers were not responsive to the questions. The court did not sustain any of the objections in the instances referred to. However, an examination of the record discloses that the answers, in part at least, to two of the three questions were not responsive. We think counsel for the State was well within his rights and his actions were not cause for reprimand. The statement that the witnesses became confused and intimidated is not supported by the record, which indicates that they gave a complete and detailed account of their knowledge of the facts.

■ Appellant asserts error in the court's refusal to reprimand Mr. Reagan on innumerable occasions for his manner and conduct and objections to proper testimony offered by appellant, stating each objection was accompanied by a fiery speech and that some were based on the ground the testimony was too remote. Passing the generality of the assignment, appellant does not refer us to any fiery speeches by Mr. Reagan or any issue raised during the trial questioning the manner and conduct of Mr. Reagan in interposing objections; and our search of the record fails to reveal such alleged improper conduct. No objection to testimony was sustained on the ground of remoteness. Objections interposed in good faith are proper. The number may depend on the actions of opposing counsel. This record discloses liberality on the part of the court in admitting evidence on behalf of appellant. If appellant considered the conduct of Mr. Reagan improper, such misconduct should have been properly preserved by the record made *nisi* to be available for review here; otherwise its correction is peculiarly within the province of the trial court. [State v. Rowe, 324 Mo. 863, 873(II), 24 S. W. (2d) 1032, 1037(4).]

■ Appellant offered an instruction informing the jury, among other things, that the defense of insanity "is, if proven, in law an excuse for the shooting, however brutal and atrocious it may have been. . . ." The court modified the instruction by deleting the words "however brutal and atrocious it may have been;" and appellant assigns error thereon, stating the clause constituted a proper caution to the jury. The opinions in State v. Redemeier, 71 Mo. 173, 174, and 8 Mo. App. 1, 7, cited by appellant, discussed the definition of insanity and the burden of proof provisions of an instruction on insanity given on behalf of the State and passed the clause here in-

volved without comment. They are not authority on the instant issue. Whether a homicide is brutal or atrocious is not a constitutive element of the crime of murder. Such characterization of a homicide may be proper comment on the evidence in argument but, at best, is surplusage in an instruction. Under appellant's contention to so characterize a homicide in an instruction on insanity might be subject to the observation it is more favorable to an accused than the law requires; although it appears to have been considered improper in an instruction involving a homicide committed by means of a shotgun at close range [State v. Grugin, 147 Mo. 39, 56, 47 S. W. 1058, 1063]. We need not concern ourselves with this phase of the issue.

Appellant says the testimony showed him guilty of murder in the first degree or not accountable on account of insanity and insists error was committed in the giving of an instruction on murder in the second degree and his conviction thereunder. A long list of cases beginning with Baldwin v. State (1848), 12 Mo. 142, 148, and concluding with State v. Barbata (1935), 336 Mo. 362, 368(1), 80 S. W. (2d) 865, 868(1, 2); and Sections 3734, 3681, 3563 and 4451, Revised Statutes 1929 (Mo. Stat. Ann., pages 3272, 3227, 3160 and 3057, respectively, are cited. Observations by the court in the cases cited by appellant are to be construed in the light of the issue, as well as the law, under discussion; and when so construed and understood do not sustain the contention, which, under controlling authorities, stands adjudged adversely to appellant. Section 3734 directs a new trial "when the court has misdirected the jury in a material matter of law." Section 3681 directs the court to instruct the jury "upon all questions of law arising in the case which are necessary for their information in giving their verdict." Section 4451 provides, among other things, "any person found guilty of murder in the second degree, or of any degree of manslaughter, shall be punished according to the verdict of the jury, although the evidence in the case shows him to be guilty of a higher degree of homicide." Section 3563 provides that the judgment in a criminal case shall not be affected, among other things, "for any error committed at the instance or in favor of the defendant; nor because the evidence shows or tends to show him to be guilty of a higher degree of the offense than that of which he is convicted. . . ." The quoted provisions first appeared in our revised statutes in the revision of 1879 [See Secs. 1996, 1908, 1654, and 1821 (compare G. S. 1865, p. 841, sec. 27), R. S. 1879, respectively]. The cases holding it reversible error to instruct on second degree murder when the evidence showed only first degree murder or not guilty [see State v. Mahly (1878), 68 Mo. 315, 318, and others] ceased to be controlling following the enactment of now Section 4451. [See State v. West, 202 Mo. 128, 138, 100 S. W. 478, 481; State v. Whitsett, 232 Mo. 511, 522(I), 134 S. W. 555, 559(I); State v. Barnes (Mo.), 204 S. W. 264, 266(7); State v.

Weagley, 286 Mo. 677, 685(I), 228 S. W. 817, 818(2); State v. Bobbitt, 215 Mo. 10, 31(II), 114 S. W. 511, 516(II).] The West case considered now Section 4451 was enacted for the purpose of changing the rule announced in the Mahly and other cases. The Weagley case, in which the defense was insanity as here, stated: "The reason for this conclusion is to be found, first, in the express authority of the statute, and, second, in that, the instruction for the lower degree being favorable rather than otherwise to the defendant, he has no ground of complaint." It cannot be successfully maintained that these cases fail to recognize applicable statutory provisions. They give force and effect to the controlling enactments.

█ The failure of the court to instruct on motive was not error. The homicide was admitted. There was testimony that deceased had uttered threats in such manner against appellant as to cause appellant to fear deceased would kill him. [See State v. Aitken, 240 Mo. 254, 267, 144 S. W. 499, 502(5, 6); State v. Hulbert, 299 Mo. 572, 579(V), 253 S. W. 764, 767(8), and cases cited; State v. Lynn, 169 Mo. 664, 673, 70 S. W. 127, 130.]

█ Appellant interposed a general objection to a portion of the argument of Attorney Pierce, requesting a reprimand. The court said: "Stay within the evidence. That is a reprimand." The jury must have understood the court considered the argument improper, was sustaining appellant's objection and censuring Mr. Pierce; and the assignment that the court erred in refusing to reprimand Mr. Pierce falls. If appellant deemed the reprimand insufficient, he, at the time, should have taken the proper and necessary steps to preserve such issue for review. [State v. Harrison, 263 Mo. 642, 662, 174 S. W. 57, 63(13); State v. Story (Mo.), 274 S. W. 54, 55(5).]

Appellant does not question the record proper, and we find no error therein.

The judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.