## NEW MEXICO v. EARNEST

No. 85–162.   Argued April 1, 1986—Decided June 27, 1986

*Paul Bardacke*, Attorney General of New Mexico, argued the cause for petitioner.   With him on the briefs was *William McEuen*, Assistant Attorney General.

*J. Thomas Sullivan* argued the cause for respondent. With him on the brief was *Gary C. Mitchell.**

PER CURIAM.

We vacate the judgment of the Supreme Court of New Mexico and remand for further proceedings not inconsistent with the opinion in *Lee* v. *Illinois*, 476 U. S. 530 (1986).

*It is so ordered.*

---

*A brief of *amici curiae* urging reversal was filed for the State of Indiana et al. by *Linley E. Pearson*, Attorney General of Indiana, *William E. Daily* and *Lisa M. Paunicka*, Deputy Attorneys General, *Robert K. Corbin*, Attorney General of Arizona, *John J. Kelly*, Chief State's Attorney of Connecticut, *Charles M. Oberly*, Attorney General of Delaware, *Richard Opper*, Attorney General of Guam, *Corinne K. A. Watanabe*, Attorney General of Hawaii, *Jim Jones*, Attorney General of Idaho, *Neil F. Hartigan*, Attorney General of Illinois, *William J. Guste, Jr.*, Attorney General of Louisiana, *Mike Greely*, Attorney General of Montana, *Irwin I. Kimmelman*, Attorney General of New Jersey, *Anthony Celebrezze*, Attorney General of Ohio, *Michael Turpen*, Attorney General of Oklahoma, *Travis Medlock*, Attorney General of South Carolina, *W. J. Michael Cody*, Attorney General of Tennessee, *Jim Mattox*, Attorney General of Texas, *David L. Wilkinson*, Attorney General of Utah, *Jeffrey Amestoy*, Attorney General of Vermont, *William G. Broaddus*, Attorney General of Virginia, *Bronson C. La Follette*, Attorney General of Wisconsin, and *Archie G. McClintock*, Attorney General of Wyoming.

Briefs of *amici curiae* urging affirmance were filed for the New Mexico Public Defender Department by *David Stafford* and *Susan Gibbs;* and for the American Civil Liberties Union et al. by *Burt Neuborne* and *Charles S. Sims.* .

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE, JUSTICE POWELL, and JUSTICE O'CONNOR join, concurring.

I agree that the decision of the Supreme Court of New Mexico should be vacated and the case remanded for further consideration in light of *Lee* v. *Illinois*, 476 U. S. 530 (1986). The Supreme Court of New Mexico held that the admission against respondent of an out-of-court statement of a codefendant violated respondent's rights under the Confrontation Clause of the Sixth Amendment. The court believed that *Douglas* v. *Alabama*, 380 U. S. 415 (1965), was "directly on point" and mandated the reversal of respondent's conviction because there had been no opportunity for respondent to cross-examine the codefendant, either at the time the statement was made or at trial. 103 N. M. 95, 98–99, 703 P. 2d 872, 875–876 (1985).

As *Lee* v. *Illinois* makes clear, to the extent that *Douglas* v. *Alabama* interpreted the Confrontation Clause as requiring an opportunity for cross-examination prior to the admission of a codefendant's out-of-court statement, the case is no longer good law. Although *Ohio* v. *Roberts*, 448 U. S. 56 (1980), did not attempt to set forth specific standards for constitutional admissibility applicable to all categories of hearsay, see *United States* v. *Inadi,* 475 U. S. 387, 392–393 (1986), that decision did establish that a lack of cross-examination is not necessarily fatal to the admissibility of evidence under the Confrontation Clause. See *Lee* v. *Illinois, supra,* at 543.* In the instant case, therefore, the State is entitled to an opportunity to overcome the weighty

---

*For example, in a case in which the State claims that a codefendant's confession is admissible because it "interlocks" with the defendant's confession, *Lee* v. *Illinois* sets out the following test:

"If those portions of the codefendant's purportedly 'interlocking' statement which bear to any significant degree on the defendant's participation in the crime are not thoroughly substantiated by the defendant's own confession, the admission of the statement poses too serious a threat to the accuracy of the verdict to be countenanced by the Sixth Amendment. In other words, when the discrepancies between the statements are not insignificant, the codefendant's confession may not be admitted." 476 U. S., at 545.

presumption of unreliability attaching to codefendant statements by demonstrating that the particular statement at issue bears sufficient "indicia of reliability" to satisfy Confrontation Clause concerns.