744 P.2d 539
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Ralph R. EARNEST,
Defendant–Appellant.**

**No. 15162.**

Supreme Court of New Mexico.

March 18, 1987.

Rehearing Denied April 9, 1987.

Certiorari Denied Nov. 5, 1987.

See, 108 S.Ct. 284.

Jacquelyn Robbins, Chief Public Defender, Lynn Fagan, Appellate Defender, J. Thomas Sullivan, Sp. Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

This case is before us on remand from the Supreme Court of the United States. In *State v. Earnest,* 103 N.M. 95, 703 P.2d 872 (1985), this Court held that defendant was entitled to a new trial because the trial court admitted into evidence against defendant a statement made by an accomplice who was not subject to cross-examination. In *New Mexico v. Earnest,* 477 U.S. 648, 106 S.Ct. 2734, 91 L.Ed.2d 539 (1986), the Supreme Court vacated our judgment and remanded for proceedings "not inconsistent with the opinion in *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986)." We reverse our prior opinion and affirm defendant's conviction.

In *Lee v. Illinois,* the Supreme Court held that the trial court's reliance on a codefendant's confession as substantive evidence against the petitioner violated the petitioner's rights under the confrontation clause of the sixth amendment. In *Lee v. Illinois,* the codefendant was not subject to cross-examination. The Supreme Court reasoned that accomplices' confessions which incriminate defendants are presump-

tively unreliable and that the codefendant's confession did not bear sufficient independent "indicia of reliability" to rebut the presumption of unreliability.

Presumably, in the case before us, it is intended that we give the State "an opportunity to overcome the weighty presumption of unreliability attaching to codefendant statements by demonstrating that the particular statement at issue bears sufficient 'indicia of reliability' to satisfy Confrontation Clause concerns." *New Mexico v. Earnest*, 477 U.S. at 650, 106 S.Ct. at 2735, 91 L.Ed.2d at 540 (Rehnquist, J., concurring). Having considered the excellent briefs and oral arguments of both parties on remand, we conclude that the statement at issue bears sufficient "indicia of reliability" to satisfy Confrontation Clause concerns. We therefore hold that the trial court did not err in admitting the statement as substantive evidence against defendant.

The statement at issue was given by one Boeglin after defendant, Boeglin, and another person (Perry Conner) were arrested and charged in connection with a murder. Boeglin's statement detailed the events surrounding the murder. Boeglin admitted to having attempted to cut the victim's throat. Boeglin also stated that defendant shot the victim in the head.

At defendant's trial, Boeglin refused to testify. *See State v. Earnest*, 103 N.M. at 98, 703 P.2d at 875. Finding that the statement given by Boeglin was reliable, the trial court allowed it to be admitted into evidence.

Boeglin's statement was reliable. It was reliable, first, because the colloquy between Boeglin and the investigating officers reflects the fact that Boeglin was not offered any leniency in exchange for his statement. In fact, Boeglin was convicted of murder and is serving a life sentence. It was reliable, second, because the statement was strongly against Boeglin's penal interest. Boeglin admitted that it was he who tried to cut the victim's throat and it is clear from the colloquy that at the time the statement was given the wounds to the throat were though to have been the cause of death. Moreover, Boeglin was exposed to a possible sentence of death as a result of his admitted participation in a murder committed under aggravating circumstances, i.e., during the course of a kidnapping and with the purpose of killing a witness. The statement was reliable, third, because Boeglin did not attempt in the statement to shift responsibility from himself to his accomplices. He told a gruesome story which equally implicated all three men. And the statement was reliable, finally, because there was independent evidence presented at trial which substantially corroborated Boeglin's description of events surrounding the murder. For example: Boeglin's description of a drug deal involving fourteen grams of methamphetamine was corroborated by Michael Blount; Boeglin's description of the accomplices' belief that the victim was an informant was corroborated by Dana Boeglin; Boeglin's description of an attempt to kill the victim with an overdose of methamphetamine was corroborated by the testimony of a toxicologist; and Boeglin's description of where the gun used to kill the victim was hidden led to recovery of the gun. In sum, Boeglin's statement bore sufficient independent indicia of reliability to rebut the weighty presumption of unreliability; the trial court therefore did not err in admitting it into evidence.

■ Defendant also contends that the trial court deprived defendant of a fair trial by questioning defense witness Perry Conner concerning drug transactions at the New Mexico State Penitentiary. Conner was called as a defense witness. He testified that he was serving a life sentence for the murder of the victim. He also testified that defendant was not involved in the murder. To discredit Conner, the (prosecutor) reminded Conner of allegedly inconsistent statements made by Conner when the prosecutor interviewed him in prison. Conner claimed that he did not remember what he said during the prison interview because he was high on drugs at the time. Later, the trial judge inquired of Conner concerning drug use and trafficking in the penitentiary. The trial judge's questions were concerned solely with Conner's independent

activities in prison. The questions did not suggest bias against defendant and did not involve defendant in any way.

Under the circumstances, we fail to see how defendant was prejudiced by the trial judge's questioning. The questions did not impeach Conner's testimony; on the contrary, they assumed its truthfulness. Moreover, the jury was already aware of Conner's history of drug abuse. Defense counsel elicited statements to that effect during direct examination. In sum, the trial judge's questions were not inappropriate and did not display bias against defendant. We therefore conclude that the trial court did not err on this point. *See State v. Sedillo*, 76 N.M. 273, 414 P.2d 500 (1966).

Defendant's conviction is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, WALTERS and RANSOM, JJ., concur.