764 P.2d 1111

STATE of Arizona, Appellee,

v.

Ray F. LOPEZ, Jr., Appellant.

No. CR–87–0321–PR.

Supreme Court of Arizona, En Banc.

Nov. 29, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Timothy C. Holtzen, Asst. Attys. Gen., Phoenix, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Wayne E. Yehling, Deputy Pima County Public Defender, Tucson, for appellant.

MOELLER, Justice.

## FACTS AND JURISDICTION

At approximately 1:10 a.m. on August 17, 1985, the defendant Ray F. Lopez and his roommate Javier Guerrero were in Lopez's car driving south on Dodge Boulevard in Tucson. Charles Wahl and Robert Mora were driving west on Pima Road. As Wahl and Mora entered the intersection of Dodge and Pima, their car was struck by Lopez's car. Both Wahl and Mora sustained injury. The Lopez car slowed down after the collision but did not stop. Instead, it proceeded south on Dodge.

Jerry Thompson was driving north on Dodge. When he was approximately one-half block south of the accident intersection, he noticed Lopez's approaching car with its headlights off and its front end crushed. When Thompson saw the accident as he approached the intersection, he turned around and pursued Lopez's car. Thompson tracked the Lopez car to an apartment complex, wrote down its license plate number, and called the police.

Police questioned Lopez and Guerrero at their apartment. At that time, Lopez claimed he was the driver and Guerrero claimed he was a passenger. Lopez was convicted and sentenced for leaving the scene of an accident involving personal injuries and for committing criminal damage to property in an amount more than $1500, but less than $10,000. He appealed to the court of appeals on several grounds. That court affirmed his convictions in all respects. We granted review on a single issue and have jurisdiction under article VI, § 5(3) of the Arizona Constitution and Ariz. R.Crim.P. 31.19, 17 A.R.S.

**54**

## ISSUE

The sole issue on review is the admissibility of Guerrero's out-of-court statements that he, not Lopez, was the driver of the vehicle at the time of the accident. The trial court ruled the statements inadmissible without having the benefit of this court's opinion in *State v. LaGrand*, 153 Ariz. 21, 734 P.2d 563, *cert. denied,* —— U.S. ——, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987).

## GUERRERO'S STATEMENTS

In the days following the accident, Guerrero made several statements to various individuals to the effect that he, not Lopez, was driving the car at the time of the collision. Guerrero also made several other conflicting statements indicating that he was a passenger at the time of the collision.

At trial, Guerrero invoked his fifth amendment right to remain silent, which prevented him from being questioned on the issue of whether he was the driver or the passenger.

Lopez contended the Guerrero statements were admissible under Rule 804(b)(3) of the Arizona Rules of Evidence—the statement against interest exception to the hearsay rule. After a hearing, the trial court ruled the Guerrero statements inadmissible, finding them "not very trustworthy" and with "no corroborating evidence." Rule 804(b)(3) provides:

> Rule 804. Hearsay Exceptions; Declarant Unavailable
>
> \*    \*    \*    \*    \*    \*
>
> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> \*    \*    \*    \*    \*    \*
>
> (3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, ... that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

■  If Rule 804(b)(3) statements are sought to be used to exculpate an accused in a criminal case, the rule imposes three requirements. *State v. LaGrand,* 153 Ariz. 21, 734 P.2d 563, *cert. denied,* —— U.S. ——, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). The first requirement is that the declarant be unavailable. A declarant who asserts a privilege not to testify, including the fifth amendment privilege, is unavailable for purposes of Rule 804(b)(3). Ariz. R.Evid. 804(a)(1), 17A A.R.S.; *see also State v. LaGrand,* 153 Ariz. at 27, 734 P.2d at 569; *State v. Fisher,* 141 Ariz. 227, 243, 686 P.2d 750, 766, *cert. denied,* 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984). In this case, Guerrero expressly asserted his fifth amendment privilege not to testify; thus, he was appropriately determined to be unavailable.

■  Second, Rule 804(b)(3) requires that the declarant's statements be so far against his interest at the time he makes the statement that he would not have made the statements if he did not believe them to be true. Guerrero's statements that he was the driver subjected him to criminal liability. Subjecting oneself to criminal liability qualifies as a declaration against interest. Ariz.R.Evid. 804(b)(3), 17A A.R.S.; J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 804(b)(3)[01] (1988).

■  Third, Rule 804(b)(3) requires that "corroborative circumstances [exist which] clearly indicate the trustworthiness of the statement." In *LaGrand,* we explained that to determine if trustworthiness is sufficiently established, the trial judge should examine both the corroborating evidence and the contradictory evidence. *LaGrand,* 153 Ariz. at 27, 734 P.2d at 569. The judge's inquiry should be limited to the question of "whether evidence in the record corroborating and contradicting the declarant's statement would permit a reasonable person to believe that the statement could

be true." *Id.* at 28, 734 P.2d at 570. If the judge determines that a reasonable person could conclude that the statement could be true, the evidence comes in for the jury's consideration.

In the present case, Guerrero stated no less than eight times to various individuals that he, not Lopez, was driving at the time of the accident. Among the persons to whom Guerrero made inculpatory statements are the prosecuting attorney, the defendant's parents, and mutual friends of Guerrero and Lopez. In addition, there was evidence that corroborated Guerrero's statements. Admittedly, there was other evidence that contradicted Guerrero's statements, including the defendant's own admissions of guilt. However, the existence of contradictory evidence alone does not automatically render Guerrero's statements untrustworthy, and therefore, inadmissible. Instead, we must examine the facts of this case under the test we established in *LaGrand,* and decide whether the trial court correctly determined that Guerrero's statements did not qualify under the statement against interest exception. *See State v. Fisher,* 141 Ariz. at 245, 686 P.2d at 768.

The evidence corroborating Guerrero's inculpatory statements is: the number of times Guerrero made the statements; the variety of persons to whom Guerrero made the statements; Guerrero often drove Lopez's car; Guerrero was with Lopez at the time of the accident; Guerrero was driving the Lopez car earlier the night of the accident; shortly after the accident, the driver's seat was in the forward position—the way Guerrero, but not Lopez, drove the car; and Guerrero's offer to assume partial responsibility for repairing Lopez's car. The evidence contradicting Guerrero's statements consists primarily of his own contradictory statements and of Lopez's admissions that he was the driver.

In determining admissibility under Rule 804(b)(3), however, the trial judge does not determine ultimate questions of credibility. That is a jury function. The trial judge's responsibility is only to determine whether a reasonable person could

conclude that the declarant's statements could be true. If so, it is admissible and the jury determines the weight, if any, to be given to the statements. *LaGrand,* 153 Ariz. at 28, 734 P.2d at 570.

After reviewing both the corroborating and the contradicting evidence, we are satisfied that a reasonable person could conclude that Guerrero's inculpatory statements could be true. Therefore, they are admissible.

## DISPOSITION

The memorandum decision of the court of appeals is vacated. The convictions are reversed and this case is remanded for a new trial consistent with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.