811 P.2d 92

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Freddie SANCHEZ, Defendant–Appellant.**

**No. 11978.**

Court of Appeals of New Mexico.

April 11, 1991.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Tom Udall, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

This case involves the question of whether the trial court's admission of the confession of an alleged accomplice implicating the defendant satisfied constitutional confrontation standards. Defendant also raises two collateral issues: whether the trial court erred in denying his motion for mistrial, and whether the trial court impermissibly commented on the evidence. For the reasons discussed herein, we reverse and remand for a new trial.

## FACTS

Defendant was convicted, following a jury trial, of two counts of burglary, contrary to NMSA 1978, Sections 30-16-3 and 30-1-13 (accessory) (Repl.Pamp.1984), and one count of conspiracy, contrary to NMSA 1978, Section 30-28-2 (Repl.Pamp.1984).

At trial the state presented evidence indicating that two residential burglaries had occurred in the Roswell area during late September and early October 1988. Defendant was charged with conspiracy and the burglary offenses on the basis of statements contained in a taped confession given by an alleged co-defendant, Chon Chacon. The taped statement was the only evidence directly connecting defendant to the crimes in question. The tape-recorded statement obtained by the police was made while Chacon was in custody on other charges. During the interrogation, Chacon volunteered that he had been involved in several burglaries. After further questioning, police obtained a taped confession from Chacon admitting his complicity in nine burglaries. The tape-recorded confession also named defendant's brother as having been a participant in most of the burglaries, and stated that defendant had participated in two residential burglaries.

Prior to defendant's trial Chacon entered a plea of guilty to nine counts of burglary, including the two burglaries in which defendant was alleged to have been involved. The state obtained an order permitting Chacon's deposition to be taken before defendant's trial. In his deposition Chacon testified that because of drug usage he had no present recollection of the events described in his tape-recorded statement.

At trial Chacon was called as a prosecution witness. He continued to assert his lack of memory. Defense counsel cross-examined Chacon, and he testified that because of heavy cocaine and alcohol use during the period of the burglaries and at the time he gave his confession, he was unable to remember any of the events. Counsel for defendant cross-examined Chacon and elicited further testimony reiterating his extensive drug and alcohol usage at the time of the commission of the burglaries and at the time that his statement was given. Following defendant's cross-examination, the state moved to have Chacon declared to be "unavailable" as a witness. Over defendant's objection and in the presence of the jury, the trial court ruled that Chacon's trial testimony was, "because of purported lack of memory, worthless," and that he was therefore "unavailable" as a witness. Defendant's motion for a mistrial, grounded upon the trial court's remark concerning Chacon's testimony, was overruled.

The court then permitted portions of Chacon's prior taped statement to be introduced as substantive evidence against defendant. Two portions of Chacon's taped confession were then played to the jury. In his taped statement Chacon named defendant as a participant in two of the burglaries. The tape stated in part:

[Chacon:] Well, he [defendant's brother] finally persuaded me, and, and me and him and his, his brother, I think, yeah, we all went to that house.

[Detective Frosch:] His brother Freddie?

[Chacon:] Yeah. * * *

\* \* \* \* \* \*

[Detective Frosch:] Who kept the rest [of the stolen items]?

[Chacon:] Mark and his brother.

[Detective Frosch:] His brother Freddie?

[Chacon:] Uh-huh.

Chacon's taped statement concerning the second burglary indicated that he and two

others had burglarized a second residence. When questioned further he responded:

[Dectective Frosch:]  Okay, who's "we?"

[Chacon:]  Me and Mark and Freddie.

The state did not present any physical evidence directly linking defendant to the crimes but called witnesses who described the residences which had been broken into, and testified to matters found at the crime scenes.  Defendant did not testify at trial.

## I.  ADMISSIBILITY OF PRIOR STATE-MENT

■ Defendant argues that he was denied his sixth amendment and state constitutional right to confront the witnesses against him when the state introduced portions of the taped statement of Chacon as substantive evidence implicating him in two of the burglaries and as a conspirator. U.S. Const. amend. VI; N.M. Const. art. II, § 14.  Defendant also contends that the hearsay statement relied upon by the prosecution constituted the sole evidence directly connecting him with the offenses in question, and that the trial court erred in admitting such statement, because it was devoid of proper indicia of trustworthiness.

The state asserts that Chacon's taped statement was properly admitted under SCRA 1986, 11–804(B)(4) as an exception to the hearsay rule, and that it was sufficiently corroborated by other evidence vouching for its reliability.

The trial court's ruling concerning the trustworthiness of an out-of-court statement will be upheld unless it is clearly erroneous.  *United States v. Vernor*, 902 F.2d 1182 (5th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 301, 112 L.Ed.2d 254 (1990). Similarly, this court in *State v. Huerta*, 104 N.M. 340, 721 P.2d 408 (Ct.App.1986), observed that the court is invested with discretion in ruling on the admissibility of statements as exceptions to the hearsay rule, and set forth the general rule applicable to the admissibility of hearsay statements against the penal interest of the declarant.  *See also State v. Maestas*, 92 N.M. 135, 584 P.2d 182 (Ct.App.1978).  The court in *Huerta* stated:

Rule 804(b)(4) creates an exception to the hearsay rule if the declarant is unavailable as a witness and the declarant's statement, when made, "so far tended to subject him to * * * criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true."

*Id.*, 104 N.M. at 342, 721 P.2d at 410.

■ Although the rules of evidence permit the introduction of hearsay where the statement in question is shown to fall within hearsay exceptions spelled out in such rules, in criminal cases, sixth amendment and New Mexico constitutional confrontation requirements limit the admission of evidence which would otherwise be admissible in civil cases to situations wherein adequate indicia exists showing the reliability of such statement.  *Idaho v. Wright*, — U.S. ——, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *State v. Crislip*, 109 N.M. 351, 785 P.2d 262 (Ct.App.1989); *State v. Martinez*, 99 N.M. 48, 653 P.2d 879 (Ct.App.1982). *See also* U.S. Const. amend. VI; N.M. Const. art. II, § 14.  Proof of corroborating circumstances is also essential in order to reconcile the requirements of Rule 11–804(B)(4) with the showing of reliability necessary under the Confrontation Clause. N.M. Const. art. II, § 14; *State v. Gallegos*, 109 N.M. 55, 781 P.2d 783 (Ct.App. 1989); *State v. Huerta*.

■ In *State v. Earnest*, 106 N.M. 411, 744 P.2d 539 ("*Earnest III*"), *cert. denied*, 484 U.S. 924, 108 S.Ct. 284, 98 L.Ed.2d 245 (1987), our supreme court, following *New Mexico v. Earnest*, 477 U.S. 648, 106 S.Ct. 2734, 91 L.Ed.2d 539 (1986) ("*Earnest II*"), and *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986), upheld defendant's convictions against a challenge that the trial court's admission of a statement made by an accomplice who was not subject to cross-examination violated defendant's rights under the Confrontation Clause of the sixth amendment.  *See also Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).  The court in *Earnest III* modified its prior analysis in *State v. Earnest*, 103 N.M. 95, 703 P.2d 872 (1985) ("*Earnest I*"), determining that a hearsay statement incriminating a co-de-

fendant, made by a witness who was not subject to cross-examination, "bore sufficient independent indicia of reliability to rebut the weighty presumption of unreliability," permitting its introduction as substantive evidence. *Earnest III,* 106 N.M. at 412, 744 P.2d at 540. As observed in *Gallegos,* whether a statement bears sufficient indicia of reliability to permit its admission into evidence under Rule 11–804(B) is generally a question of law. *Id.,* 109 N.M. at 65, 781 P.2d at 793.

Both our supreme court and this court have examined the factors by which the reliability of hearsay statements may be evaluated in the light of Confrontation Clause requirements. In *Earnest III,* our supreme court upheld the admissibility of the statement of a co-defendant not subject to cross-examination, where it found sufficient indicia of the trustworthiness of the statement existed by reason of the facts that (1) the declarant was not offered any leniency in exchange for his statement; (2) the statement was against the declarant's penal interest; (3) the statement did not attempt to shift responsibility from the declarant to his accomplices; and (4) because there was independent evidence presented at trial which substantively corroborated the declarant's description of the crime. These same factors were applied by this court in *Gallegos.*

▮ In *Wright,* the Court recognized that state and federal courts have identified a number of factors that bear upon the issue of whether hearsay statements made by children in child sexual abuse cases are reliable. The Court observed that the factors applied to determine reliability are "not exclusive, and courts have considerable leeway in their consideration of appropriate factors." *Id.,* —— U.S. at ——, 110 S.Ct. at 3150, 111 L.Ed.2d at 656; *see also State v. Pacheco,* 110 N.M. 599, 798 P.2d 200 (Ct.App.1990). *Wright,* however, held that "unless an affirmative reason, arising from the circumstances in which the statement was made, provides a basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial, the Confrontation Clause requires exclusion of

the out-of-court statement." *Id.,* —— U.S. at ——, 110 S.Ct. at 3150, 111 L.Ed.2d at 656; *see also Olson v. Green,* 668 F.2d 421 (8th Cir.) (in custody statements of a defendant implicating a co-defendant do not fall within a firmly rooted hearsay exception), *cert. denied,* 456 U.S. 1009, 102 S.Ct. 2303, 73 L.Ed.2d 1305 (1982). Whether a hearsay statement contains sufficient indicia of reliability to satisfy the requirements of the Confrontation Clause must be determined under the particular circumstances surrounding the making of the statement. *See United States v. Layton,* 855 F.2d 1388 (9th Cir.1988), *cert. denied,* 489 U.S. 1046, 109 S.Ct. 1178, 103 L.Ed.2d 244 (1989).

The *Wright* Court followed the general analytic framework of *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) and noted that the Confrontation Clause does not bar the admission of hearsay where the hearsay contains "adequate 'indicia of reliability.'" Such reliability may be "inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Id.,* —— U.S. at ——, 110 S.Ct. at 3146, 111 L.Ed.2d at 652 (quoting *Ohio v. Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539 (footnote omitted)). The Court agreed with petitioner that the particularized guarantees of trustworthiness must be shown from the totality of the circumstances. However the Court rejected petitioner's contention that the totality of the circumstances included other evidence adduced at trial that tends to corroborate the truth of the statement. The Court found:

[T]he relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worthy of belief.

\*    \*    \*    \*    \*    \*

\* \* \* To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent

trustworthiness, not by reference to other evidence at trial.

*Id.*, —— U.S. at ——, ——, 110 S.Ct. at 3148, 3150, 111 L.Ed.2d at 655, 657.

The state argues that Chacon's statement was properly submitted to the jury because it contained matters which were against his penal interest, that he was not offered any leniency for his statement and Chacon did not seek to shift responsibility to defendant or others. The state also points out that the statement contained descriptions of the items taken during the various burglaries, including the fact that a five-hundred-pound safe had been carried from one of the residences defendant and his brother allegedly assisted in burglarizing. The state asserts that these facts tended to corroborate declarant's taped confession implicating defendant as a participant in the charged offenses.

Defendant, although conceding that the state is "technically correct" in asserting that Chacon's statement never sought to blame defendant or his brother, nevertheless argues that the trial court erred in admitting Chacon's statement as substantive evidence against him because it failed to overcome the presumption of unreliability. Specifically, defendant contends that he was sentenced to a longer term of imprisonment, based upon his conviction of three felonies, than that received by Chacon who was convicted of nine felony burglary offenses. This argument, however, was not presented to the trial court and is raised for the first time on appeal. Moreover, the record indicates that the sentence imposed upon defendant was enhanced because of evidence that he was an habitual criminal.

Second, defendant contends that an inference existed that Chacon's statement implicating him may have been given to curry favor or to obtain leniency for Chacon's girlfriend who was found in possession of stolen property. The record indicates, however, that at the time Chacon's statement was given, he had been advised of his *Miranda* rights, and that Chacon indicated in his statement that no promises had been given in exchange for the statement.

Third, defendant argues that portions of Chacon's taped statement implicating defendant were in response to leading questions by the police and defendant's involvement in the offenses were not supported by other independent corroborative evidence. The record indicates that Chacon's taped statement was his second confession and that he had previously orally implicated defendant as a participant in planning and assisting in two of the burglaries. The trial court could properly determine from these facts that Chacon's statement was supported by independent indicia of reliability.

Under the test enunciated in *Wright* and *Earnest III*, a statement implicating an alleged co-defendant may be admitted as substantive evidence against a defendant where the statement itself is shown to contain sufficient indicia of trustworthiness to overcome the presumption of unreliability. Chacon's statement was also admissible as an inconsistent statement under SCRA 1986, 11–801(D)(1)(a). *See State v. Maestas* (the declarant's inconsistent statement is admissible as substantive evidence where it is inconsistent with the declarant's trial testimony). *See also California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (prior inconsistent statement of witness who claims lack of memory may be admitted subject to certain safeguards); *United States v. Insana,* 423 F.2d 1165 (2d Cir.) (witness's claim of lack of memory may permit introduction of prior inconsistent statement as substantive evidence), *cert. denied,* 400 U.S. 841, 91 S.Ct. 83, 27 L.Ed.2d 76 (1970); *People v. Burciago,* 81 Cal.App.3d 151, 146 Cal.Rptr. 236 (1978) (prior statement of witness admissible where witness admits prior statement), *cert. denied,* 439 U.S. 1131, 99 S.Ct. 1051, 59 L.Ed.2d 92 (1979). *See generally* Annotation, *Use or Admissibility of Prior Inconsistent Statements of Witness as Substantive Evidence of Facts to Which They Relate in Criminal Case—Modern State Cases,* 30 A.L.R. 4th 414 (1984); Annotation, *Denial of Recollection as Inconsistent With Prior Statement so as to*

*Render Statement Admissible,* 99 A.L. R.3d 934 (1980).

■ In order to satisfy the requirements of the Confrontation Clause, the court must first conduct an analysis of the statement's reliability insofar as it purports to implicate the defendant. *See* 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 804(b)(3)[03], at 804–150 (1990). The trial court's initial determination concerning the trustworthiness of an out-of-court statement offered pursuant to Rule 11–804(B)(4) will be upheld unless it is clearly erroneous. *See United States v. Vernor.* In ruling upon the admissibility of the statement the trial court does not determine the ultimate questions of the declarant's credibility; instead, this is the province of the jury. *State v. Lopez,* 159 Ariz. 52, 764 P.2d 1111 (1988) (en banc). *See also* SCRA 1986, 11–104(A); SCRA 1986, 14–5020.

Examination of the statement in light of the test articulated in *Wright* and *Earnest III,* and the totality of the circumstances, indicates that the statement contained sufficient indicia of reliability to permit it to properly be admitted as substantive evidence against defendant. Chacon's statement was clearly against his penal interest. Viewing the statement in its entirety, together with the surrounding circumstances, the trial court could properly determine that the statement was not offered in exchange for leniency, and that nothing in the statement attempted to shift responsibility from Chacon to defendant. The statement also described each of the burglaries, the method of entry and the property taken. Additionally, other evidence presented by the state corroborated the fact that the burglaries defendant was charged with committing were perpetrated by two or more individuals. Considered in its totality, we conclude that the matters contained in the statement contained sufficient indicia of reliability to permit the statement's admission under Rule 11–804(B)(4). Under this posture, the trial court's determination that Chacon's statement was reliable, sufficiently satisfied sixth amendment and state constitutional confrontation requirements. *See Earnest III.*

## II. COMMENT ON THE EVIDENCE

■ The state called Chacon as a witness for the prosecution. After taking the witness stand, Chacon asserted that he had no memory of committing any of the burglary offenses or having given his taped statement. Thereafter, counsel for defendant sought to cross-examine Chacon. On cross-examination of Chacon, defendant's attorney elicited a response that because Chacon was a heavy user of crack cocaine and alcohol at the time of the burglaries and at the time of the giving of his taped statement, he was unable to recall having given the statement, committing the burglaries or recollect whether defendant had been a participant.

Following defendant's cross-examination of Chacon, the state moved to have the witness declared to be "unavailable" based upon his claim of lack of memory. After argument on the motion, the court stated in the presence of the jury: "I'm going to find for purposes of this hearing, given the responses from this witness, that he is unavailable as a witness. *As a matter of fact at this point his testimony has been, because of purported lack of memory, worthless.* He's unavailable." (Emphasis added.)

Defendant moved for a mistrial on the basis of the court's comment. The motion was denied. Defendant argues that the ruling and remarks of the court, in the presence of the jury, constituted a comment on the evidence and were prejudicial. We agree.

Although as discussed under point one we concluded that the trial court could properly determine that Chacon was "unavailable" as a witness under Rule 11–804(B)(4), the better procedure would be to rule on the witness's availability outside the hearing or presence of the jury. In light of the fact that Chacon's earlier testimony was not stricken, and that no instruction was given admonishing the jury to disregard his testimony, the court's statement characterizing Chacon's testimony as "worthless" under the circumstances here presented, we think constituted a preju-

dicial comment on the evidence contrary to SCRA 1986, 11–107. The latter evidence rule provides: "The judge shall not comment to the jury upon the evidence or the credibility of the witnesses."

■ Generally, remarks made by a trial judge in ruling upon a motion before the court in a jury trial do not constitute error if they do not amount to a comment concerning the weight of the evidence or the credibility of a witness. *State v. Benham,* 58 Ariz. 129, 118 P.2d 91 (1941); *State v. Murphy,* 341 Mo. 1229, 111 S.W.2d 132 (1937), *cert. denied,* 320 U.S. 789, 64 S.Ct. 200, 88 L.Ed. 475 (1943); *State v. St. Clair,* 5 Utah 2d 342, 301 P.2d 752 (1956). *Cf. State v. Martinez* (in jury trial court must not comment on weight to be given evidence or indicate opinion as to credibility of witness); *State v. Caputo,* 94 N.M. 190, 608 P.2d 166 (Ct.App.1980) (court's statements or questions must be cautiously guarded so as not to constitute an implied comment).

■ If the court in admitting or excluding evidence or in ruling upon a motion makes a statement reflecting upon the weight of the evidence or credibility of a witness so that it is likely to influence the jury, the effect of such statement is generally determined to be prejudicial. *See United States v. Peters,* 791 F.2d 1270 (7th Cir.), *cert. denied sub nom. Odoner v. United States,* 479 U.S. 847, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986); *People v. James,* 140 Cal.App.2d 392, 295 P.2d 510 (1956); *State v. Britt,* 235 S.C. 395, 111 S.E.2d 669 (1959). A trial judge should studiously avoid making any remark or statement in the presence of the jury concerning factual issues or which may be construed as conveying his opinion concerning the merits of the case. *See Sheftel v. People,* 111 Colo. 349, 141 P.2d 1018 (1943); *Whitfield v. State,* 452 So.2d 548 (Fla.1984).

Under the facts before us, we think the court's comment in the jury's presence and hearing regarding the effect of Chacon's testimony was prejudicial. In view of the fact that Chacon's tape-recorded statement was introduced containing matters incriminatory to defendant, defendant's only opportunity to challenge the veracity of the statement hinged upon his efforts to discredit Chacon's memory or credibility. *See State v. Caputo.*

The judgment is reversed and the cause is remanded for a new trial.

IT IS SO ORDERED.

ALARID, C.J., and CHAVEZ, J., concur.