NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

OBI LOUIS BROWN, *Appellant*.

No. 1 CA-CR 17-0366
FILED 2-5-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-000860-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Tempe
By Kyle Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Appellant Obi Brown ("Brown") has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Brown was convicted of misconduct involving weapons. He has filed a supplemental brief *in propria persona*, which the court has considered. After reviewing the record, we affirm Brown's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Brown. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (citation omitted).

¶3        According to Brown, Isaias Gallardo ("Gallardo"), attempted to steal Brown's rental car, which led to a physical altercation between the two men. During the altercation Brown brandished a firearm and fired ten rounds into the ground. Officers near the incident heard the shots fired and responded to the scene. Brown had disappeared; however, he eventually returned to the scene while officers were still investigating.

¶4        Upon Brown's return, he was questioned by officers as part of a traffic stop. Officers asked Shawn Gray ("Gray"), the driver of the vehicle, for his license and registration; Brown, sitting in the passenger's seat, opened the glove box whereupon a .45 caliber weapon was visibly stored. Officers detained Brown. Brown's DNA was found on the .45 caliber firearm.

¶5        During trial, Brown stipulated to having prior felony convictions. His right to bear arms has not been restored. Brown testified that Gallardo used a weapon against him during the attempted car theft, and Brown was left no choice other than to defend himself. He further alleged a friend, Gray, was driving the vehicle prior to the police stop.

Brown also argued the need to defend against Gallardo granted him the right to possess a firearm.

¶6            During the trial, the State put on twelve witnesses. Brown was the sole witness for the defense. Each of the law enforcement officers called at trial gave testimony which corroborated the State's theory of the events. The State's DNA expert testified the DNA sample found on the weapon matched Brown's profile.

¶7            Brown's then girlfriend, Erica Miller, testified to the circumstances surrounding the purchase of the brandished firearm. She testified that Brown was not the registered owner of the firearm, but he kept it in a locked safe to which only he had access. Brown admitted to police during questioning that he had possession of the firearm prior to the physical altercation between Gallardo and himself. However, during testimony on the stand, Brown said his prior statement to the police was untruthful, and then testified to a contrary line of events in which he only received possession of the firearm during the physical altercation.

¶8            At the close of testimony, prior to deliberations, the jury was instructed on the law. The court explained the presumption of innocence, the weight to give testimony, the meaning of Brown's stipulation to prior felonies, the elements of the charge, the requirement of a unanimous verdict, the State's burden of proof, and the elements of a proper necessity defense. Brown moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20 and the court denied the motion.

¶9            The jury convicted him. After polling, all jurors asserted the verdict was correct.

¶10            The superior court conducted the sentencing hearing in compliance with Brown's constitutional rights and Arizona Rule of Criminal Procedure 26. The superior court considered the presentence report and the testimony of Brown during the sentencing hearing. The superior court found aggravating factors of significant criminal history, previous prison time, and causing potential harm to others. The superior court found the mitigating factors of a difficult history and childhood. Then finding the mitigating factors outweighed the aggravating factors, the court imposed a mitigated sentence of eight years, with presentence incarceration time credit of 622 days.

## DISCUSSION

**¶11**    We review the entire record for reversible error.  *State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012).  Counsel for Brown has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law.  However, in his supplemental brief, Brown argues the superior court committed reversible error by denying his motion *in limine* regarding the admission of hearsay evidence under Arizona Rule of Evidence ("Rule") 804.[1]

**¶12**    Brown argues the court erred in denying the motion *in limine* wherein he requested admission of a statement made by Gallardo.  The court concluded the statement was inadmissible hearsay; Brown argues that under Rule 804(b)(3), Gallardo was unavailable, and the statement was against Gallardo's interest, and as such was admissible.

**¶13**    For evidence to be admitted under Rule 804(b)(3), the proponent must show the statement is sufficiently trustworthy by satisfying each of the Rule's three elements.  *State v. Lopez*, 159 Ariz. 52, 54 (1988).  As a preliminary matter, Brown, as the proponent, was required to establish the unavailability of Gallardo "through competent evidence, sufficient to convince the court that the witness . . . " was unavailable.  *State v. Medina*, 178 Ariz. 570, 575 (1994).  The proponent of the statement must engage in a good faith effort to obtain the witness' presence at trial.  *State v. Rivera*, 226 Ariz. 325, 329, ¶ 13 (App. 2011).  Whether the proponent engaged in a good faith effort is determined under a reasonableness standard.  *Id.* at 329-30, ¶ 13.

**¶14**    We review an unavailability finding by the superior court for abuse of discretion.  *Id.* at 329, ¶ 12.  A court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision.  *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982); *see also Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40 (App. 1982) (stating discretion is abused if "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons").

---

[1]    This court only considers evidence in the record, supplemental information outside of the record is not considered on appeal.  *See Ashton-Blair v. Merrill*, 187 Ariz. 315, 317 (App. 1996).

**¶15**      The record contains no evidence of Brown's attempt to secure Gallardo's testimony.  Brown did not disclose Gallardo as a witness, nor did the defense seek the issuance of a subpoena for him to appear at trial.  Rather than making an effort to secure Gallardo's presence at trial by way of a subpoena, Brown asserted a subpoena was inconsequential; because, had Gallardo taken the stand to testify, he would have been considered unavailable because of his likely invocation of the privilege against self-incrimination.  The superior court concluded there was not sufficient evidence before the court to determine Gallardo's unavailability, and any argument regarding his unavailability would be speculative.  Therefore, the court denied the request to introduce Gallardo's out-of-court statements.  A review of the record supports the court's ruling.  Brown made no effort, let alone a good faith effort, to secure Gallardo's availability for in-court testimony.  The superior court did not abuse its discretion.

**¶16**      Next, Brown argues that the court, under Rule 807, should have admitted Gallardo's hearsay statement voiced during a police interview in which Gallardo stated he heard Brown say, "get the gun or [heard Brown] tell his friend to go get the gun, and [Gallardo] just panicked and [left]."[2]  At the time the judge ruled on Brown's motion, Rule 807 stated that hearsay that does not fall into any other exception may be admitted if "(1) the statement has equivalent guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of the rules and the interests of justice."  Ariz. R. Evid. 807 (2017).   "The trial court has considerable discretion in determining the relevance and admissibility of evidence, and we will not disturb its ruling absent a clear abuse of that discretion."  *State v. Amaya-Ruiz*, 166 Ariz. 152, 167 (1990) (citation omitted).[3]

---

[2]      Gallardo's statement to police, relaying a statement he heard Brown say during the altercation, is hearsay within hearsay.  Such a statement is admissible only if each hearsay statement is admissible independently.  Ariz. R. Evid. 805.

[3]      In *State v. Luzanilla*, our Supreme Court explained the legislative history behind the "residual hearsay exception," and indicated that it was to be used "only in rare and exceptional circumstances."  179 Ariz. 391, 397 (1994).

¶17      At the hearing regarding his motion *in limine*, Brown urged the court to admit Gallardo's hearsay statement under Rule 807, the catchall exception, because the statement: (1) was not clearly admissible under Rules 803 and 804, (2) had indicia of trustworthiness because the parties did not know each other prior to the incident, (3) was made fourteen hours after the incident, (4) would corroborate Brown's in-court testimony, (5) would impeach Brown's out-of-court statement that he had the gun sometime prior to the incident, (6) is corroborated by other statements made by Gallardo, and (7) should be admitted in the interests of justice. Brown's primary argument, in support of admission of Gallardo's hearsay statement, was the impeachment of Brown's own recorded statements to police in order to further a defense theory that possession of the firearm occurred in the midst of the altercation with Gallardo, not before. When deciding if a statement is trustworthy we consider, among other things, the declarant's knowledge. *State v. Allen*, 157 Ariz. 165, 174 (1988).

¶18      The hearsay statement in question does not possess the requisite guarantee of trustworthiness for admission under Rule 807. The fact that Gallardo, the victim, may have only become aware of the firearm at the time Brown, or his companion, called for it during the altercation does not negate the possibility that Brown possessed the firearm prior to the altercation. Gallardo was not in a position to know whether Brown actually, or constructively, possessed the gun prior to the altercation. Brown, on the other hand, did have that information, and he told law enforcement he did possess the firearm before the incident. Gallardo's statement did not have circumstantial guarantees of trustworthiness. Accordingly, the superior court's ruling on the inadmissibility of Gallardo's hearsay statement was not an abuse of discretion.

¶19      The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of at least eight members, the court properly instructed the jury on the elements of the charge, Brown's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Brown was given an opportunity to speak at sentencing, and his sentence was within the range of the acceptable sentence for his offense.

¶20      We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel

represented Brown at all stages of the proceedings.  We decline to order briefing and affirm Brown's conviction and sentence.

**¶21** Upon the filing of this decision, defense counsel shall inform Brown of the status of the appeal and of his future options.  Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Brown shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

### CONCLUSION

**¶22** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA