789 P.2d 398

The STATE of Arizona, Appellee,

v.

Calistro Manuel MEJIAS, Appellant.

No. 2 CA–CR 89–0481.

Court of Appeals of Arizona,
Division 2, Department B.

March 8, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Robert S. Golden, Phoenix, for appellee.

Jeffrey G. Buchella, Tucson, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

On the evening of February 12, 1988, Steve Vega was killed. At the time, he was in his car with three fellow high school students, David Moreno, George Jiminez, and defendant Calistro Manuel Mejias. Jiminez pled guilty to manslaughter and testified against defendant. He said that he, Moreno, and defendant had planned to rob and kill Vega, and that in furtherance of that plan defendant got Vega to stop his car and then began punching him in the face. Moreno, from the back seat, then strangled Vega using a spark plug wire. The three boys disposed of the body and split up the proceeds of the robbery. On this evidence defendant was convicted of first degree murder, conspiracy to commit murder, robbery, and theft. The only issue we need address on appeal is whether the trial court erred in excluding a statement made by Moreno to homicide investigators the day after the killing. In it Moreno initially claimed to know nothing about Vega's death. Eventually he admitted having planned a robbery with Jiminez and having accidentally strangled Vega after Jiminez began hitting Vega. He said that defendant did not know of the plan and was not involved in the killing save by trying to remove Vega's hands from the horn after the assault began. Because we

**532**

believe exclusion of this statement was error, we reverse.

Hearsay confessions exculpating a co-defendant are admissible under Ariz.R. Evid. 804(b)(3), 17A A.R.S., if the declarant is unavailable, as Moreno was here because of his claim of the self-incrimination privilege, if the statement was against the declarant's interest, as this was because Moreno admitted guilt of murder, and if corroborating circumstances clearly indicate the trustworthiness of the exculpatory statement. *State v. Lopez,* 159 Ariz. 52, 764 P.2d 1111 (1988); *State v. LaGrand,* 153 Ariz. 21, 734 P.2d 563 (1987). In making a determination about trustworthiness of the statement, *LaGrand* makes it clear that the trial judge is not to determine whether he believed the statement but only whether a reasonable juror "could" find it true.

Because of the nature of this case there can neither be corroborating nor contradictory evidence as to the crucial issue whether defendant knowingly conspired to commit the crimes of robbery and murder. Jiminez says he did. Moreno says he didn't. There was nothing in the circumstances of Moreno's confession nor in the relationship of the three boys, however, to suggest a strong motivation falsely to implicate Jiminez and to exculpate defendant. In these circumstances, fundamental fairness requires that the jury hear the versions of the events from the only witnesses who were there. It simply will not do to allow the state to grant a substantial advantage to one co-defendant to implicate the others, thus creating a possible motivation to falsify, and then to foreclose from consideration exculpatory evidence on the ground that it might be false. *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

Reversed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.