NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JON ANTHONY HALL, *Appellant.*

No. 1 CA-CR 22-0422
FILED 11-30-2023

Appeal from the Superior Court in Maricopa County
No. CR2016-153679-001
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

The Ardeo Law Group, PLLC, Tempe
By Kate Miller
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**F O S T E R**, Judge:

¶1        Jon Anthony Hall appeals his conviction of ten counts of sexual exploitation of a minor and the resulting sentences. For the following reasons, the conviction is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        On November 17, 2016, the State charged Hall with ten counts of sexual exploitation of a minor in violation of A.R.S. § 13-3553 based in part on materials found on a computer in Hall's home. Hall noticed a third-party culpability defense, alleging that an acquaintance, Sherry Wheeler, who was frequently in his home, used his computer to download the material that was found therein. In preparation for his defense, Hall hired an investigator, Robert Nalett. As part of his investigation, Nalett interviewed a former housemate of Hall, Sean Steele, who would purportedly corroborate the third-party culpability defense.

¶3        When Steele was first interviewed, he told Nalett that "one day he was working outside on a car, and Wheeler was inside on his computer." Steele said he walked inside and saw Wheeler watching the "most sick porno shit I've ever seen in my life." Steele classified the video as "revenge porn."  Steele reported that he kicked Wheeler out of his home and later realized she had also stolen his phone. Nalett asked Steele if he saw any child pornography when Wheeler was on the computer. Steele was hesitant and said, "I don't think so."

¶4        Approximately a month and a half later, Nalett interviewed Steele again after learning that he might have more information. During that interview, Steele indicated that in addition to the "revenge porn" he previously discussed, there were also 3 to 4 webpages that contained videos. Steele stated that, after Wheeler left, he went to the computer and

2

he saw open web pages with 12-, 13- and 14-year-olds on the videos. He quickly clicked the videos off because he did not want to get into trouble.

¶5        In preparing for trial, the State interviewed Steele, who described the "revenge porn" that he mentioned to Nalett but denied observing any additional pornographic materials. Steele stated the computer quit working six months later. When pressed for details on the "revenge porn" video that Wheeler is alleged to have watched on Steele's computer, Steele was asked, "are you able to say whether or not that involved any children in that, that video," to which Steele replied, "I-I don't know. It's – I'm gonna have to say 'no.'"

¶6        Hall indicated he would be calling Steele as a witness to corroborate the third-party culpability defense. The State moved to preclude Steele's testimony as potential hearsay and as irrelevant, because Steele had never seen Wheeler inside Hall's residence or using Hall's computer. The trial court denied the State's motion but appointed Steele counsel to ensure he was aware of the risks of "potentially admitting to a potential crime."  After Steele's counsel advised the parties that Steele would invoke his Fifth Amendment rights, Hall indicated he would call Nalett instead. Hall explained he would use Nalett's testimony to elicit statements made to him by Steele during interviews. The State objected to the admission of Nalett's testimony as impermissible hearsay and moved to preclude his testimony.

¶7        Following oral argument, the court granted the State's motion to preclude Nalett's testimony regarding statements made by Steele, finding there was not sufficient corroborating circumstances to clearly indicate the statement's trustworthiness.

¶8        The trial proceeded and the jury returned a verdict, finding Hall guilty of all ten counts of sexual exploitation of a minor.  The court sentenced Hall to 170 years in prison, and he timely appealed. This Court has jurisdiction under A.R.S. § 12–120.21(A)(1), A.R.S. §13–4031, and A.R.S. § 13–4033(A)(1).

**DISCUSSION**

¶9        Hall attacks the superior court's ruling excluding Nalett's testimony about Steele's statements. The admissibility of evidence, including admissibility of third-party culpability evidence is reviewed for abuse of discretion. *State v. Prion*, 203 Ariz. 157, 161, ¶ 21 (2002); *State v. Robinson*, 165 Ariz. 51, 56 (1990). The trial court's ruling must be affirmed if

it was correct for any reason supported by the record. *State v. Moreno*, 236 Ariz. 347, 350, ¶ 5 (App. 2014).

## I. The Trial Court Acted Within Its Discretion By Excluding Hearsay Statements That Were Neither Self-Inculpatory Nor Corroborated.

**¶10** Hearsay is not admissible except in specific situations. Ariz. R. Evid. 802. One of the specific exceptions to the rule allows for hearsay evidence if the declarant is unavailable as a witness and the statement is one that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Ariz. R. Evid. 804(b)(3).

**¶11** Once Steele invoked his Fifth Amendment rights, he became unavailable under the hearsay rule. Ariz. R. Evid. 804(a)(1); *State v. LaGrand*, 153 Ariz. 21, 27 (1987) (holding the defendant "was 'unavailable' within the meaning of the Rules" when he "stated throughout pretrial proceedings that he would not take the stand" and "[d]espite the absence of a formal assertion of his Fifth Amendment right"). After determining that Steele was unavailable under the rule, the inquiry then turns to whether the statements were self-inculpatory and trustworthy. They were not.

### A. The Hearsay Statements Were Not Self-Inculpatory Under Rule 804(b)(3).

**¶12** Hall argues Steele's statements were against his interest because as the State advised, Steele could be admitting to having child pornography on his computer. Hall argues that Steele's statements, which included admitting to having seen someone view child pornography on his computer and retaining that device for some time afterward, were contrary to his self-interest and exposed him to potential criminal liability.

¶13        For a statement to be admissible under Rule 804(b)(3), the statement must be one that:

> a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability.

Ariz. R. Evid. 804(b)(3)(A). Hearsay statements that are not self-inculpatory are not admissible, even if the declarant is unavailable as a witness. *See LaGrand*, 153 Ariz. at 27. To be admissible as a statement against interest, the hearsay statement must "'tend' to subject the declarant to criminal liability." *State v. Tankersley*, 191 Ariz. 359, 370, ¶ 46 (1998) (quoting *LaGrand*, 153 Ariz. at 27) (holding that a person's letter suggesting that he had committed a homicide, was against his interest but was not admissible because no other evidence linked him to the murder and therefore was not corroborated), *abrogated on other grounds by State v. Machado*, 226 Ariz. 281 (2011).

¶14        Admitting to seeing someone view child pornography on his computer does not amount to knowingly "[d]istributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging" child pornography. A.R.S. § 13–3553(A)(2), *State v. Jensen*, 217 Ariz. 345, 351, ¶ 17 (App. 2008) (inadvertent or unexpected receipt of child pornography is not a violation). Retaining that device for some amount of time after discovering someone was using the device for illegal purposes is not self-inculpatory, as Hall claims, without more evidence. Steele never said whether the child pornography had been downloaded or whether the child pornography was retained on his computer in some way. Steele's statements alone did not expose Steele to criminal liability, but instead only implied that Wheeler may have committed a crime. Accusing a third party of viewing child pornography on a computer while not inculpating himself in any way was not against Steele's interest.

      B.        The Hearsay Statements Were Not Supported by Corroborating Circumstances.

¶15        Hall also argues the statements were supported by corroborating circumstances. The corroborating factors presented by Hall were (1) Nalett confirmed during his investigation that Wheeler was a real

person, (2) she has a social media presence, and (3) Hall and Wheeler were connected via social media and exchanged numerous messages. Hall argues these factors serve to corroborate that it was a common practice for Wheeler to go to other people's homes and use their computers to download pornography.

¶16        Rule 804(b)(3) provides for the admission of inculpatory statements made by an unavailable declarant if and only if the statement is "supported by corroborating circumstances that clearly indicate its trustworthiness." Ariz. R. Evid. 804(b)(3). "[T]he primary goal of the corroboration requirement in Rule 804(b)(3) is to prevent criminal suspects from fabricating hearsay admissions to the crime by others." *Machado*, 226 Ariz. at 285, ¶ 23. The trial court's job is "not to determine whether [it] believed the statement but only whether a reasonable juror 'could' find it true." *State v. Mejias*, 163 Ariz. 531, 532 (App. 1990) (holding that codefendant's hearsay confession which exculpated defendant was admissible because he admitted guilt to the murder).

¶17        Taken as a whole, these factors do not support a finding that Steele's statements were self-inculpatory or otherwise corroborated a relevant issue in Hall's case.  Steele's statements did not reflect any knowledge by Steele that Wheeler had ever used Hall's computer.  At best, the evidence showed only that Wheeler may have been a social media friend of Hall's.

¶18        Hall contends *Mejias* had "facts most analogous to this case" and permitted the admission of hearsay statements in a conspiracy to commit murder case even though "there was no corroborating or conflicting evidence." But *Mejias* involved hearsay statements by a co-defendant, and this Court held that admission of the hearsay statements was appropriate even though "there c[ould] neither be corroborating nor contradictory evidence" because only the two co-defendants could testify as to what happened. *Id.* at 531–32. In such a case, "fundamental fairness" required the jury to hear both versions of the events. *Id.* at 532. But, here, Steele's statements were not about the crime at issue.  Steele's statements concerned a potential crime committed by a person other than Hall on a different occasion and at a different location. *Mejias* provides no basis to overturn the trial court's ruling.

¶19        Hall also argues the trial court erred by focusing exclusively on supporting evidence, without considering the complete lack of contradictory evidence. But the record provides evidence of contradiction in Steele's statements.

6

**¶20** Steele told both Nalett and the State at various points that he had not seen Wheeler watching child pornography, but he also stated that he did see several pages open that contained child pornography. Just taking Steele's statements at face value, they are contradictory and belie any indicia of trustworthiness.

**¶21** The trial court stated it found no "supporting corroborating circumstances that clearly indicate the truthfulness of these statements." *See* Ariz. R. Evid. 804(b)(3)(B).

**¶22** Steele's proposed hearsay statements would not have attested to the truthfulness of Hall's third-party culpability defense. There is no evidence Steele provided that corroborated Wheeler downloaded and viewed child sexual abuse material on Hall's computer. Therefore, the trial court acted within its discretion by excluding the hearsay statements.

## CONCLUSION

**¶31** For the foregoing reasons, this Court affirms Hall's convictions and sentences for all ten counts of sexual exploitation of a minor.



AMY M. WOOD • Clerk of the Court
FILED: AA